## STATE v. ORLIN HENSPETER.[1]

March 5, 1937.

No. 31,080.

*Henry Nycklemoe* and *Charles A. Lund,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *W. P. Berghuis,* County Attorney, for the State.

[1]Reported in 271 N. W. 700.

HOLT, JUSTICE.

The complaining witness, on May 18, 1935, had his loaded trailer parked in the evening in front of his summer cottage in Otter Tail county. With the aid of visiting friends, he, about nine o'clock in the evening, unloaded the heavy packages on the trailer and all entered the cottage for a visit. When the friends left at about midnight it was noticed that the trailer was gone. It was found some 200 feet away without the tires. A few days afterward the complaining witness discovered the tires on a Ford, parked at a creamery. The sheriff of the county was notified. They found the Ford. Defendant came up. The two tires were removed from the car and were taken with defendant to the office of a justice of the peace of the county, where the complaining witness filed a complaint charging defendant with stealing the tires, of the value of eight dollars. No warrant of arrest was issued. Defendant was arraigned and pleaded not guilty. Later he moved for leave to withdraw the plea. The motion was denied. A trial resulted in conviction. He appealed to the district court. He was convicted and appeals.

The assignments of error challenge the jurisdiction of the court, the sufficiency of the evidence, and also present misconduct of court and prosecuting attorney as ground for a new trial.

Jurisdiction is denied because defendant was apprehended without warrant and brought before the justice of the peace upon a misdemeanor charge not committed in the presence of the sheriff. But, when so brought before the justice and arraigned on a complaint then filed charging him with petit larceny, he pleaded not guilty. By so doing he waived any irregularity in his apprehension and submitted his person to the jurisdiction of the justice of the peace, who unquestionably has jurisdiction of the crime charged. This proposition was so clearly determined in State ex rel. Brown v. Fitzgerald, 51 Minn. 534, 53 N. W. 799, that there is no need of further discussion. The last case on the same subject is State v. Abdu, 173 Minn. 95, 216 N. W. 540. One having entered a plea to a criminal complaint has not the absolute right to withdraw the

same. And no reversible error can be predicated upon the refusal of the court to permit a defendant to withdraw his plea, for the purpose of having a futile dismissal. He could have been immediately arrested upon a warrant issued on the complaint filed.

The evidence is clearly sufficient to sustain the conviction. No good purpose would be served by a discussion. The jury saw and heard the different witnesses and were in a position correctly to determine defendant's guilt. The plea that defendant was a minor did, no doubt, trouble the jury very little, for he lacked but a few months of being 21 years old when the offense was committed.

"Misconduct of the court in transgressing upon the functions of the jury" is one assignment of error. No particular misconduct is pointed out. From the brief and the motion for a new trial we understand that no complaint is made of the conduct of the court during the trial or in the main charge to the jury. The assignment of error is based wholly upon what occurred after the jury, which retired at 5:05 in the evening, came into court the next morning at 9:45 and asked whether they could agree to disagree. They were promptly told that they were there to decide matters, not to agree to disagree upon them. Both the prosecuting attorney and defendant's attorneys were in court. From certain questions put by the jurors it appeared that some inconsequential inquisitiveness puzzled a juror as to why the sheriff made inquiries as to the shoes and clothing of a young person who was assumed to have been connected with defendant in the crime. The court told the jury that the matter was immaterial and should not be considered, the attorneys agreed that the evidence was closed and there could be no explanation of the purpose the parties had who inquired concerning the clothing of the young man suspected of complicity in the offense. The court then stated that it was the duty of the jury to decide the case.

"Things have got to be looked at in a practical way of life, is this young man guilty or isn't he, in your best judgment? There is no such thing as agreeing to disagree. It is up to me after you have been in there a sufficient length of time to then decide whether I

should discharge you as a disagreed jury and call in another jury to try the case over, that is for me, no one else, and I haven't decided that you have deliberated long enough, so kindly go back to the jury room."

Defendant's attorney then took this exception:

"The defendant objects to the statement made by the court and counsel in the presence of the jury in that this statement made by the court would leave the inference that the tires introduced as exhibits in this case are as a matter of fact the property of the complaining witness."

The exception is entirely unwarranted. In all that took place there was not a single expression alluding to the exhibits, nor could any inference of ownership of the complaining witness of the tires be drawn from all that the court or the prosecuting attorney said after the jury came into court. The sentence above quoted to the effect that "things have got to be looked at in a practical way of life," etc., was in connection with the query of the jury whether they could agree to disagree and not with reference to the degree of proof required to convict of crime. That matter had been fully covered in the charge.

There is nothing in the record that can be tortured into a claim of misconduct on the part of the prosecuting attorney.

The conviction is affirmed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

MR. JUSTICE PETERSON, having been attorney general when the appeal was taken, took no part in the consideration or decision of this case.