## STATE v. ERVIN MARTELL HAYES.

150 N. W. (2d) 552.

April 28, 1967—No. 40,240.

*Edward R. Soshnik,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

NELSON, JUSTICE.

Appeal from a judgment of conviction and an order of the District Court of Hennepin County denying defendant's motion to vacate said judgment, which was entered pursuant to a plea of guilty to the charge of indecent assault, and to grant him a new trial. The facts are not in dispute.

Following the filing of a complaint March 25, 1965, and several appearances in municipal and district court, in each of which defendant was represented by counsel or was granted a continuance because of his absence, defendant entered a plea of guilty to the charge of indecent assault (Minn. St. 617.08) on May 20, 1965. After a presentence investigation, defendant, appearing before a different district court judge, again pleaded guilty and was sentenced to the commissioner of corrections for an indeterminate term.

Defendant makes no claim of innocence on this appeal. According to the record, his plea of guilty admitted all essential elements of the crime charged in the information. Nevertheless, 5 months after being sentenced, defendant, represented by different counsel, by motion and affidavit now claims that he was "improperly induced" to plead guilty to the offense charged and that his plea was made on the promise by the attorney representing him that the "maximum sentence I would receive if I plead guilty would be 30 days in the workhouse." At the hearing on this motion before the court below, defendant's first attorney testified that he had made no such promise and could not have done so considering defendant's prior record.

■ Defendant sought, by his motion for an order vacating the judg-

ment of conviction, to withdraw his plea of guilty. Such motions are determined by the trial judge in the exercise of his sound discretion and generally his determination will not be disturbed on appeal, absent a showing that the court acted arbitrarily, abusing that discretion. State v. Harding, 260 Minn. 464, 110 N. W. (2d) 463. In the Harding case, the court said (260 Minn. 470, 110 N. W. [2d] 468):

"* * * Numerous decisions of this court establish beyond question that the motion to withdraw a plea of guilty and to enter a plea of not guilty is addressed to the sound discretion of the trial court, subject to the usual rules governing its exercise."

See, State v. Jones, 234 Minn. 438, 48 N. W. (2d) 662; State v. McDonnell, 165 Minn. 423, 206 N.W. 952; State v. Henspeter, 199 Minn. 359, 271 N. W. 700; State v. Olson, 115 Minn. 153, 131 N. W. 1084; State v. Prickett, 217 Minn. 629, 15 N. W. (2d) 95.

In determining whether there has been an abuse of discretion in denying a motion such as this, this court must consider all facts and surrounding circumstances which form the basis of the trial court's determination. State v. Roggenbuck, 271 Minn. 557, 136 N. W. (2d) 857. In State v. Jones, 234 Minn. 438, 441, 48 N. W. (2d) 662, 664, this court said:

"* * * One who has already entered a plea to a criminal complaint does not have the absolute right to withdraw it."

■   The facts are that defendant was charged with the crime of indecent assault upon the person of an 18-year-old girl. He was represented by his self-selected attorney, Edward M. Cohen, at the preliminary hearing and the subsequent proceedings including his plea of guilty, his replea of guilty, and his sentencing in Hennepin County District Court. At the time of his original plea on May 20, 1965, his counsel asked the following questions:

"Q.   And you understand, Mr. Hayes, by your plea of guilty you are liable for a sentence and could be sentenced to the State Prison for a term up to five years?

"A.   Yes, Sir.

\* \* \* \* \*

"Q. No threats or promises have been made by myself or the county attorney or anybody else?

"A. No.

"Q. And you are making this plea of your own free will?

"A. Yes."

Defendant was asked similar questions and made like answers at the time of his replea of guilty on June 23, 1965.

Defendant by his motion and affidavit filed in the court below claimed that he entered his plea of guilty on the promise of his attorney that the maximum sentence "would be 30 days in the workhouse" and further claimed in his affidavit that all of his answers to questions at the plea and replea and at the time of sentencing were made at the direction of Mr. Cohen, alleging that he "was told by Mr. Cohen to answer yes to all such questions." Based on the foregoing claims, defendant contends that under the circumstances he "was in fact deprived of representation by counsel and of prosecution in a fair trial and therefore is entitled at this time to withdraw his plea of guilty and to have a new trial." In putting forward these claims defendant was represented by his present attorney, Edward R. Soshnik.

At the hearing below on December 7, 1965, the only evidence offered by the defendant was his affidavit and a postconviction letter from the defendant to the trial court. At this hearing the state called Mr. Cohen, who denied under oath that he had made any promises concerning sentencing to defendant and testified that he had told defendant:

"\* \* \* I could not promise anything, and that there was a prior record and he could be sentenced to Stillwater and right to the maximum term."

Mr. Cohen also categorically denied that he had instructed the defendant to make "yes" answers to any questions:

"Q. Did you at any time advise your client that when certain questions would be asked him at the time of the plea of guilty or the sen-

tencing, that when he was asked those questions that he should answer yes to the questions?

"A. I did not."

Mr. Cohen further testified:

"Q. Did you at any time inform him that you would be able to have the charges against him reduced so that by pleading guilty to the charges he would serve not more than 30 to 90 days in the Workhouse?

"A. No. I advised him that as a matter of fact he could have been charged with rape."

At the conclusion of the hearing the trial court denied defendant's motion, and the present appeal followed.

There were also introduced in evidence two letters from defendant to Mr. Cohen, the first stating that defendant had been induced to enter a plea of guilty upon Cohen's advice that defendant "would be entering a plea to a misdemeanor offense," and the second reading as follows:

"I would like to have you forget the previous letter I sent you. I was confused and troubled by the trouble my wife and family were having at home. I want to say I am sorry for the letter and for you to forget it if you will. This was not my purpose for writing to you. But other matters.

"I am very sorry for what I did. Please forget it.

"Thank you."

Defendant's contention that he was induced to plead guilty because of alleged promises by his attorney is in direct conflict with his testimony when he entered the pleas. As the record now stands, taking into account defendant's own letters received in evidence, there is nothing upon which to predicate reversible error, and none exists in terms of any alleged failure of duty on the part of the trial court to defendant.

According to the record the plea of guilty was made voluntarily and intelligently after a preliminary hearing in Hennepin County municipal court and after a dozen conferences and innumerable telephone conversations with his attorney, whom defendant himself had chosen. The

conclusiveness of a plea of guilty under the circumstances presented by this record has been defined by this court in State v. Peters, 274 Minn. 309, 316, 143 N. W. (2d) 832, 837:

"\* \* \* [W]here a defendant in a criminal case who is represented by competent counsel enters a plea of guilty to a charge contained in an information filed against him, the general rule is that he waives all defenses other than that the information charges no offense."

We also said in State ex rel. Geiselhart v. Tahash, 274 Minn. 464, 469, 144 N. W. (2d) 354, 357:

"Ordinarily a plea of guilty by a defendant represented by competent counsel, who has advised defendant of his right to stand trial and to require the state to prove all essential elements of a crime beyond reasonable doubt, admits all of the facts well pleaded in the information."

In addition, defendant's own statements and admissions at the time of his plea and replea and sentencing demonstrate his guilt. This court in State v. Waldron, 273 Minn. 57, 73, 139 N. W. (2d) 785, 796, said:

"\* \* \* We think the record clear that defendant's own admissions made at the time of the plea and at the sentencing were conclusive of his guilt and since there was no evidence indicative of innocence the trial court did not err in denying the motion for a change of plea."

A reading of the transcript makes it clear that the defendant, through the assistance of his self-selected attorney, was fully advised of the nature of the proceedings and the consequences of a plea of guilty, should he choose to enter one. The presumption of fair and orderly conduct by state officials without coercion or distortion exists until challenged by facts to the contrary. State v. Kramer, 272 Minn. 454, 462, 139 N. W. (2d) 374, 379. Where the attorney is one of defendant's own choosing, an even more stringent rule applies. See, 5B Dunnell, Dig. (3 ed.) § 2490d.

As the record now stands, we think it clear that counsel of defendant's own choosing performed his duties in a proper and competent manner. No basis exists for the charge made in the motion and

affidavit against any officer of the court. The record shows unequivocally that defendant committed the offense, and that he was represented creditably by an attorney of his own choice. Not only his plea but his testimony directly conflicts with the present claim of an involuntary plea and his contention that he entered the same due to misrepresentation on the part of his counsel that this would lead to a lighter sentence. It is not insignificant that the defendant in this appeal has now abandoned his claim that his original attorney "coached" him to tell falsehoods under oath, a claim his own letter to his original attorney repudiated. The record compels a factual determination that defendant voluntarily entered his plea and acknowledged his guilt of the crime charged and that his allegations that he was in any manner denied due process are sham and frivolous.

The decision of the trial court on this appeal involves solely fact determinations. Clearly, the trial court resolved the fact conflict in the only manner consistent with human reason and justice. No issue of law remains for this court to determine. Thus, both the facts and the law direct an affirmance of defendant's conviction.

Affirmed.