STATE of Minnesota, Respondent,

v.

Michael R. BRYANT, Appellant.

No. C8–85–1318.

Court of Appeals of Minnesota.

Dec. 10, 1985.

Review Denied Jan. 23, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, Minnesota Public Defender, Susan K. Maki, Deputy Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Michael R. Bryant appeals his conviction of criminal sexual conduct in the fourth degree in violation of Minn.Stat. § 609.-345(c) (1984). He contends that the trial court erred in denying his motion to withdraw his guilty plea. We affirm.

## FACTS

Bryant was charged with one count of first degree criminal sexual conduct in violation of Minn.Stat. § 609.342(c) (1984) and one count of simple robbery in violation of Minn.Stat. § 609.24 (1984) for the rape and robbery of a young woman. He pleaded not guilty to the charges on August 3, 1984.

Between September 1984 and March 1985, Bryant delayed trial four times by firing his attorneys. At an omnibus hearing on April 16, 1985, the first count was reduced to third degree criminal sexual conduct. The State then offered him a plea agreement in which the State would drop

the robbery charge if Bryant pleaded guilty to criminal sexual conduct in the fourth degree. He was allowed to consider the offer overnight and consult with his stand-by counsel.

The next day, counsel was appointed and Bryant withdrew his not guilty plea and pleaded guilty to the reduced charge. During his testimony establishing the factual basis for the plea, Bryant testified that he had sufficient time to discuss his case with legal counsel, that his counsel had represented his best interests, and that he fully understood the terms of the plea agreement and the charge to which he pleaded guilty. He signed a written petition to plead guilty acknowledging that he was informed of his rights. The court accepted the petition and the guilty plea, and ordered a presentence investigation.

Before sentencing, Bryant sent a handwritten letter to the court seeking to withdraw his guilty plea. The court denied his motion and continued the sentencing matter for one more week in order to resolve a criminal history score issue. At the sentencing hearing, Bryant again asked to withdraw his guilty plea. After a hearing, the court denied the motion and sentenced Bryant to thirty-five months, the presumptive sentence under the sentencing guidelines.

## ISSUE

Did the trial court abuse its discretion when it refused to allow appellant to withdraw his guilty plea?

## ANALYSIS

■ Bryant entered a guilty plea on August 17, 1985, and the trial court accepted his plea on that same day. After a guilty plea has been entered and accepted, there is no absolute right to withdraw it. *State v. Knight*, 292 Minn. 419, 423, 192 N.W.2d 829, 832 (1971).

Before sentencing, the trial court may allow a defendant to withdraw a guilty plea:

if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn.R.Crim.P. 15.05, subd. 2.

The trial court's determination whether to grant or deny such a motion will not be disturbed on appeal absent a showing that the court acted arbitrarily and abused its discretion. *State v. Hayes*, 276 Minn. 384, 386, 150 N.W.2d 552, 553 (1967). "In determining whether there has been an abuse of discretion, [the appellate] court must consider all facts and surrounding circumstances which form the basis of the trial court's determination." *Id.*, 150 N.W.2d at 553–54.

In this case, Bryant was represented by several attorneys throughout the proceedings and, although he appeared pro se at the omnibus hearing, standby counsel was available to him and he was represented when he pleaded guilty. At the time of his plea, Bryant responded to his counsel's questions as follows:

Q. Mr. Bryant, I want to call your attention * * * to the day of July 16, 1984, the early morning hours about 1:30 a.m. * * *. I want to ask you if on that day you entered a building at 2119 Pillsbury Avenue here in Minneapolis in the County of Hennepin? Did you go in that building?

A. Yes.

Q. Okay. And in that building did you get on an elevator with a female who was rather short in stature— she wasn't very tall. Maybe about four feet tall, maybe a little less, who you later learned is named [D.D.]?

A. Yes.

Q. As you were in the elevator with her, Mr. Bryant, did you against her wishes touch her private parts? By private parts, I mean her breasts and her vaginal or crotch area?

A. Yes.

Q. You were then sometime later that same morning arrested by members of the Minneapolis Police Department?

A. Yes.

The record further shows that Bryant signed a completed "Petition to Enter Plea of Guilty" form, he had overnight to consider the ramifications of his decision and he still voluntarily entered the guilty plea.

Bryant now contends that he was induced to plead guilty by his attorney, that he is innocent of the offense, and that he did not admit the facts of the charge in his plea.

■ Before a guilty plea may be properly accepted by the trial court, it must be established that there is a factual basis for concluding the defendant committed an offense at least as serious as the crime to which he pleaded guilty. *Kochevar v. State*, 281 N.W.2d 680, 686 (Minn.1979). "Although it is preferable for the factual basis to be established from the defendant's own testimony when he pleads, * * * this is not the exclusive method." *Id.* (citations omitted). *See Holscher v. State*, 282 N.W.2d 866 (Minn.1979) (factual basis consisted of prosecutor's summary of state's evidence which defendant did not challenge).

■ The record shows that Bryant admitted to touching D.D.'s "private parts" without her consent, even though he did not admit on the record to doing so in order to satisfy his sexual or aggressive impulses. *See* Minn.Stat. § 609.341, subd. 11. This omission is not fatal in light of the other overwhelming evidence.

Bryant claims he is not guilty of the crime but the record indicates nothing upon which he might base support for his claim of innocence. *See State v. Harding*, 260 Minn. 464, 473, 110 N.W.2d 463, 469 (1961) (trial court exercised reasonable discretion in denying motion for a change of plea where nothing in the record indicated defendant's innocence or his failure to understand the proceedings).

■ Bryant also contends that he did not sufficiently understand his guilty plea. The record does not support his claim. The transcript of the plea hearing shows that Bryant was questioned at length about his plea, his understanding of the charges and the consequences of his guilty plea. He discussed his case and his options with his attorney before entering the plea and he also submitted a "Petition to Enter Plea of Guilty." He testified under oath that he understood what he was doing. *See Harding*, 260 Minn. at 473, 110 N.W.2d at 469. Finally, Bryant is not a novice to the court system since this is not his first offense. Bryant's criminal history makes it unlikely that he did not understand the proceedings. *State v. Doughman*, 340 N.W.2d 348, 353 (Minn.Ct.App.1983), *pet. for rev. denied*, (Minn. Mar. 15, 1984) (a reviewing court may consider a defendant's experience with the criminal justice system when evaluating whether his plea was knowing and intelligent).

### DECISION

The trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

Affirmed.