**STATE of Minnesota, Respondent,**

v.

**Kevin L. BRANT, Appellant.**

**No. C1–87–239.**

Court of Appeals of Minnesota.

June 16, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Lynch, Kandiyohi Co. Atty., Warren A. Kochis, Asst. Co. Atty., Willmar, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Kevin L. Brant, convicted pursuant to guilty pleas of first-degree burglary and second-degree assault, appeals the trial court's refusal to allow withdrawal of his guilty pleas. We affirm the court's holding that the guilty pleas are constitutionally valid, having been knowingly, intelligently and voluntarily entered.

## FACTS

On the evening of September 28, 1986, Greg Melges, the owner of Mel's Sport Shop in Spicer, Minnesota, responded to a burglary alarm from his business which sounded at his residence. When Melges arrived at the shop, his son and two friends were already there. As they were about to enter the front door of the shop, they were confronted by a man who pointed a firearm at them, forcing them to retreat. The intruder then fled with firearms taken from the shop.

Kevin Brant was arrested and charged with four felony offenses related to the break-in, including first-degree burglary, second-degree assault, unlawful possession of a firearm, and aggravated criminal damage to property. After being incarcerated for about a week and without consulting his court-appointed attorney, Brant offered to plead guilty to the charges against him. When asked whether he had discussed the proposal with his attorney, Brant replied that he did not want to involve his attorney in the negotiation process. The sheriff on his own initiative contacted Brant's attorney before proceeding with further discussion on the plea.

After plea negotiations, Brant agreed to plead guilty to first-degree burglary and second-degree assault in exchange for dismissal of the remaining charges, a bail reduction, and a presentence release of a minimum of two weeks, during which he could put his personal affairs in order. Brant also agreed to confess to his involvement in a number of unsolved burglaries in the county.

In response to express questions from the judge, Brant stated under oath that he was not pleading guilty because he was unable to post bond and that he understood the crimes to which he was pleading guilty carried maximum penalties of 20 and 5 years respectively.

At the sentencing hearing Brant moved to withdraw his guilty pleas. He stated that when he entered the pleas he had no idea that the presumptive sentence for his first-degree burglary conviction would be 97 months. He said that had he known he would receive such an onerous sentence he would not have pled guilty. He also stated his only reason for entering the pleas was to get out of jail before his parole officer placed a hold on him which would prevent a release to put his personal affairs in order before going to prison. The trial court ruled the plea was properly entered and denied Brant's motion to withdraw the pleas. Brant appeals the trial court's ruling.

## ISSUE

Did the trial court abuse its discretion when it refused to allow appellant to withdraw his guilty pleas?

## ANALYSIS

■ A defendant who has entered a plea of guilty to a criminal complaint does not have the absolute right to withdraw it. *State v. Knight*, 292 Minn. 419, 423, 192 N.W.2d 829, 832 (1971). In its discretion, the court may allow withdrawal of a guilty plea before sentencing

> if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn.R.Crim.P. 15.05, subd. 2.

A determination of whether a plea withdrawal would be "fair and just" rests within the sound discretion of the trial court.

*State v. Jones,* 234 Minn. 438, 441, 48 N.W.2d 662, 664 (1951); *State v. McElhaney,* 345 N.W.2d 800, 801 (Minn.Ct.App. 1984). The trial court will be overturned only when, upon consideration of all the facts and circumstances, there was a clear abuse of discretion. *State v. Jacobs,* 292 Minn. 41, 44, 192 N.W.2d 816, 819 (1971); *State v. Hayes,* 276 Minn. 384, 386, 150 N.W.2d 552, 553 (1967).

To be constitutionally valid, a guilty plea must be knowing, intelligent and voluntary. It must be entered with an understanding of the charge, an awareness of the likely consequences of the plea, and represent a voluntary and intelligent choice among alternative courses of action open to the defendant. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983); *Chapman v. State,* 282 Minn. 13, 162 N.W.2d 698 (Minn. 1968). There is a strong presumption against the validity of waiver of constitutional rights, and the acceptance of a plea of guilty must be approached with "utmost solicitude." *Griffith v. Wyrick,* 527 F.2d 109, 112 (8th Cir.1975).

The record supports the conclusion that Brant's guilty pleas were knowingly entered. Brant acknowledged when he entered his pleas that he knew the statutory penalties for the charged offenses; he signed and submitted a petition to enter a plea of guilty; and he testified under oath that he understood the contents of the petition. Brant admitted to an investigator in the Sheriff's office that he knew "what he had done was wrong" and that he "understood he was going back to prison for quite some time." Although Brant argues that he did not understand that he could receive such an onerous sentence for his first-degree burglary conviction, a failure by the trial court to advise a defendant of the applicable presumptive sentence under the Minnesota Sentencing Guidelines is not of itself sufficient to void a guilty plea. *See Trott,* 338 N.W.2d at 252–53.

The record also supports a finding that Brant's guilty plea was intelligently made. Brant has completed more than two years of college with a grade point average of 3.3. Additionally, his familiarity with the criminal justice system makes it unlikely that he was unaware of the implications of his guilty pleas. A reviewing court may weigh a defendant's experience with the criminal justice system when evaluating whether his plea was knowing and intelligent. *State v. Bryant,* 378 N.W.2d 108, 110 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 23, 1986); *State v. Doughman,* 340 N.W.2d 348, 353 (Minn.Ct. App.1983), *pet. for rev. denied,* (Minn. Mar. 15, 1984). Brant has a criminal history which includes eight felony convictions. All but one of these convictions occurred after the Minnesota Sentencing Guidelines became effective.

Finally, the record supports the finding that Brant's guilty pleas were voluntary. Brant initiated the plea negotiations. He initially sought to conduct the plea negotiations without the assistance of his court-appointed attorney. Brant's ability to negotiate a presentence release and dismissal of other charges does not establish compulsion nor diminish his active initiation of the negotiation process.

## DECISION

The record supports a conclusion that Brant's guilty pleas are constitutionally valid, having been knowingly, intelligently and voluntarily made. The trial court did not abuse its discretion when it refused to allow appellant to withdraw his guilty pleas.

Affirmed.