*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1172
A14-1173**

State of Minnesota,
Respondent,

vs.

Abdul Khalid Hakeem Malik El,
Appellant.

**Filed March 9, 2015
Affirmed
Chutich, Judge**

Dakota County District Court
File Nos. 19HA-CR-12-3295
            19HA-CR-11-463

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Jenny R. Nystrom, Assistant County Attorney, Hastings, Minnesota; (for respondent)

Jerome M. Porter, William L. Bernard, Grannis & Hauge, PA, Eagan, Minnesota (for respondent City of Eagan)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)


        Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and

Smith, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Abdul Malik El seeks to withdraw two guilty pleas, arguing that a manifest injustice exists because the pleas were neither voluntary nor intelligent. Because Malik El has not met his burden of showing that a manifest justice exists, we affirm.

**FACTS**

In January 2011, appellant Abdul Malik El was stopped by an Eagan Police Officer, and in September 2012, he was stopped by a Dakota County Deputy Sheriff. At the time of each stop, Malik El's driver's license was cancelled as inimical to public safety. *See* Minn. Stat. § 171.04, subd. 1(10) (2014). For each infraction, the state charged Malik El with driving after cancellation. *See* Minn. Stat. § 171.24, subd. 5(1) (2014).

Malik El, who chose to proceed pro se, missed four court appearances regarding these cases, each time resulting in a warrant being issued for his arrest. Malik El eventually appeared at a June 2014 uncontested omnibus hearing for the two cases. Malik El said that he wished to speak to the prosecutors about settling the cases. Each prosecutor offered Malik EL the same plea agreement: plead guilty, receive credit for time served, and be released that day. Malik El said that he "wo[uld not] argue" with the offers. A public defender present in the courtroom volunteered to go through a plea petition with Malik El, but the written petition was not completed because that relationship deteriorated.

2

Following this breakdown in the process, Malik El told the district court:

> I'm no longer [a] United States citizen because I done the renunciation process and expatriation on the process as well. I'm no longer a resident of Minnesota. What I wanted to do was enter a valid plea of nonassociate acknowledging a defective license plate and licensable traffic offense, asking and requesting that the cease and desist -- cease and desist from the prosecution being that I travel as a matter of right.

The district court explained to Malik El that the current hearing was an uncontested omnibus hearing; if he wanted to bring those defenses, the hearing would have to be moved to July 1. The district court also told Malik El that unless he made bail, he would be in custody until the July 1 hearing.

When the district court asked Malik El if he wanted to wait until July, he responded, "I['ll] just enter a plea of guilty, Your Honor. I'm tired [of] playing dog and pony with the court and the system." Malik El also asked that all fines and surcharges be waived. Malik El then pleaded guilty to both counts of driving after cancellation and agreed with the factual background of each. The district court sentenced Malik El to 30 days in jail for each count with credit for 30 days of time served on each and waived the fines. This appeal followed.

## D E C I S I O N

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). After sentencing, a district court must allow withdrawal of a guilty plea upon "proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists where a guilty plea is invalid. *State v. Theis*, 742

3

N.W.2d 643, 646 (Minn. 2007). To be a valid, a guilty plea "must be accurate, voluntary and intelligent (i.e., knowingly and understandingly made)." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) (citing *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983)). The voluntariness requirement ensures that a defendant did not plead guilty due to improper pressure. *Trott*, 338 N.W.2d at 251. The intelligence requirement ensures that a defendant understands the charges, the rights he is waiving, and the consequences of the plea. *Id.* The defendant bears the burden of showing that the plea was invalid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). We review the validity of a guilty plea de novo. *Id.*

As a threshold issue, Dakota County argues that direct review of this claim is inappropriate. A defendant challenging a judgment of conviction based on an invalid guilty plea may seek postconviction relief or appeal directly to this court. *State v. Anyanwu*, 681 N.W.2d 411, 413 n.1 (Minn. App. 2004). Postconviction proceedings are the proper forum for evaluation of matters not on record that support withdrawing the plea; direct appeal is appropriate when the record contains factual support for the defendant's claim and no disputes of material fact must be resolved to evaluate the claim on the merits. *Id.* We conclude that the record here is sufficient for us to evaluate Malik El's claim.

Malik El argues that his pleas were not voluntary because he only pleaded guilty after the district court informed him that he would be held in custody until a contested omnibus hearing date three weeks later. But the record does not support this claim.

4

At the start of the hearing, Malik El was the person who initiated plea discussions. He told the district court that he wanted to speak with the prosecutors about settling his cases. After each prosecutor offered the same plea agreement—plead guilty and get credit for time served—Malik El responded, "I guess I won't argue with that." In addition to initiating the pleas, Malik El, who was pro se in these matters, also succeeded in having his fines waived. The initiation and successful negotiation of a plea agreement without the assistance of counsel supports a finding of voluntariness. *See State v. Brant*, 407 N.W.2d 696, 698 (Minn. App. 1987).

Furthermore, although the district court informed Malik El that he would remain in custody unless he made bail, nothing in the record suggests that he pleaded guilty solely to avoid this possibility. Based on the record before us, we conclude that Malik El's pleas were voluntary. *See State v. Milton*, 295 N.W.2d 94, 95 (Minn. 1980) ("Defendant was fully aware that he did not have to plead guilty and he never contended that the threats actually induced him to plead guilty.").

Malik El also argues that his pleas were not intelligent because he may have been confused about the legal process. We disagree.[1]

Malik El claims that he believed he was not subject to the laws and confused about the legal process, but the record belies this argument. Malik El initiated the plea

---

[1] We note our concern that the record does not indicate whether Malik El was informed of the rights he was waiving by pleading guilty. *See* Minn. R. Crim. P. 15.02 (explaining guilty pleas for gross misdemeanors). A public defender reviewed a plea petition with Malik El, but this petition was not filed with the district court as Malik El did not complete it. Regardless, Malik El bears the burden of showing that his pleas were invalid, *see Raleigh*, 778 N.W.2d at 94, and he has not raised this issue in his argument.

5

negotiation, and when the prosecutors first stated their offers, he responded that he would not argue with them. Although he later said that he wished to plead guilty to a different offense, he still recognized that he committed a legal infraction and was subject to the laws. Malik El's articulate participation at the proceeding does not support his assertion that he was confused about the legal process. Instead, Malik El's knowledge of the system and participation in the proceeding support a finding that his pleas were knowing and intelligent. *State v. Wiley*, 420 N.W.2d 234, 237 (Minn. App. 1988), *review denied* (Minn. Apr. 26, 1988). Malik El succeeded in having his fines waived as part of the plea agreements and also corrected the prosecutors about how many days' credit he should receive. Additionally, Malik El has had extensive exposure to the legal system, a factor we consider when determining whether a guilty plea is intelligent. *See id.*

Because the record supports a finding that his pleas were voluntary and intelligent, Malik El has not met his burden of showing that his pleas were invalid.

**Affirmed.**