## WILLIAM C. SCHWERM v. STATE.

181 N. W. (2d) 867.

December 4, 1970—No. 42310.

*C. Paul Jones*, State Public Defender, and *Roberta K. Levy*, Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Rosengren, JJ.

PETERSON, JUSTICE.

Petitioner, who was convicted of aggravated robbery upon his plea of guilty, appeals from an order denying his postconviction petition to set aside the conviction on the ground that his plea of guilty was not voluntarily made.[1]

The essence of the petitioner's claim is that he was induced to plead guilty because of his belief that he would receive only a 7-year sentence to be served concurrently with another sentence in another court upon a conviction for burglary. We hold that the evidence credited by the postconviction court amply sustains the findings adverse to this and other similar claims of promises or pressures.

Petitioner went to trial before the Honorable Robert V. Rensch, upon the charge of aggravated robbery, represented by Wilton Gervais as privately retained counsel. The prosecutor, Assistant County Attorney Albert Ranum, initiated plea discussions during the trial. The plea discussions became more pointed on the second day of trial, after strong evidence of guilt had been introduced by the state. Two eyewitnesses had identified the petitioner as one of the armed robbers and, upon the introduction into evidence of a jacket, identified as being petitioner's, he exclaimed to Gervais, "We had it now."

Petitioner, according to his own version, wanted a "package deal" of a 7-year, concurrent sentence and without any obligation to implicate his accomplices. Gervais, called by petitioner

---

[1] Petitioner asserted other grounds in his brief on appeal, as well as numerous other grounds in the trial court, none of which merit discussion. The stated ground for discussion is, as expressed in oral argument, the main issue.

as a witness in the postconviction hearing, testified that Ranum had indicated, based upon his own experience, there was a "good probability" that the judge would impose a limited sentence of 10 years. Gervais, however, "made it clear" to petitioner that "there was no promise made by Al Ranum that any limited sentence would be imposed." Gervais and Ranum met with Judge Rensch, who refused to agree to any such limited sentence and indicated only that he would give "some consideration" to petitioner if he pleaded guilty. Gervais thereafter related to petitioner "that the Court would make no commitment whatsoever; therefore, any entry of a plea would have to be with the risk * * * that the judge would give him the full sentence according to law." Gervais made no recommendation to petitioner as to whether or not he should plead guilty.

The trial court imposed the maximum sentence of 20 years but made the sentence concurrent with a 5-year sentence which had been imposed in Washington County upon conviction, after trial, for burglary.[2] After commenting upon petitioner's bad record, Judge Rensch said to him: "Were it not for [the fact that you entered a plea of guilty], I would unhesitatingly require this be served consecutively, that is, consecutive to any other sentences which you might have."

The posture of petitioner's postconviction effort is best stated in his own letter to his counsel on April 14, 1967: "Of course I realize that Judge Rensch made no commitments, but, I feel that the prosecuting attorney would, in view of statements made, be willing to agree to, and support, a request for modification of sentence." At the postconviction hearing he said to the court, "I'm not denying my guilt, Your Honor. I just come back to try to get what was promised me."

---

[2] At this time proceedings were also pending in Ramsey County District Court to revoke a sentence of 5 years' probation, which had been imposed for a conviction of burglary in 1965. Judge Rensch at this time declared his willingness that the judge in the probation revocation proceedings likewise make such sentence concurrent.

The evidence falls short of showing that the prosecutor made any promissory inducement to petitioner for a plea of guilty. The prosecutor promised only to "suggest" to the trial judge a limited sentence of 10 years concurrent with the other sentence, a suggestion which was in fact made. Whatever the statements made by the prosecutor in the plea discussions, the record is clear that petitioner's own counsel, Gervais, had told him that "Ranum's statement certainly would not bind the judge." Although a plea of guilty may be set aside where an unqualified promise is made as a part of a plea bargain, thereafter dishonored, a solemn plea of guilty should not be set aside merely because the accused has not achieved an unwarranted hope.

Affirmed.