STATE of Minnesota, Respondent,

v.

William Paul PENDZIMAS, Appellant.

No. C4–85–1414.

Court of Appeals of Minnesota.

Jan. 7, 1986.

Review Denied Mar. 14, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Anne Lewis, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant William Paul Pendzimas pleaded guilty to attempted murder in the first degree in violation of Minn.Stat. §§ 609.-185(3), 609.17, and 609.11 (1984). On appeal Pendzimas contends the trial court failed to provide departure reasons on the record at the time of sentencing. We remand.

## FACTS

On January 19, 1985, Minneapolis police officers responded to a shooting report. The victim told the officers that a man, later identified as Pendzimas, knocked on her door and asked to use the telephone because his car had stalled. Pendzimas walked to the kitchen telephone, removed his gloves, and then pulled out a small gun and demanded that the victim give him everything. The victim was forced to remove her wedding rings and then pushed into the bathroom, where Pendzimas attempted to tie her up with a cord. When she resisted, he said, "I'll shoot you * * *," and then fired five shots. The victim was hit three times—once in the abdomen, once in the shoulder, and once in the face.

Fingerprints on various objects in the home were positively identified as Pendzimas' prints, and the victim positively identified Pendzimas as her assailant. Pendzimas was arrested two days later; some of the items taken from the victim's home

were found in his possession. Pendzimas later admitted to police that he went to an unknown address to use the telephone and shot the victim inside her home. Pendzimas was charged with several counts of attempted murder as well as burglary and aggravated robbery. He pleaded guilty to one count of attempted first-degree murder and agreed that his sentence would be no more than 120 months. The presumptive sentence was 92 to 103 months, based on a criminal history score of 2. Minnesota Sentencing Guideline II.G. The trial court sentenced Pendzimas to 120 months; however, no reasons for the departure were stated at the May 13, 1985, sentencing. A departure report, apparently dated the same day as sentencing, was filed September 26, 1985, with the Sentencing Guidelines Commission. The trial court stated:

> The upward departure was justified by the defendant's particular cruelty to the victim, a sixty-three-year-old woman. The victim had let the defendant into her home because it was 40 degrees below and he said he needed to use the phone. During the course of his attack on the victim, the defendant shot five shots, three of which hit the victim. One of the three shots that struck the victim was fired point blank in her face. After taking several items from the house, the defendant left the victim for dead.

## ISSUE

May this court consider an untimely departure report in reviewing a sentencing departure when no reasons for departure were stated on the record at the time of sentencing?

## DISCUSSION

Pendzimas notes correctly that the trial court cannot rely upon a plea agreement as justification for a sentencing departure. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981); *State v. Pince*, 358 N.W.2d 435, 438 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. March 6, 1985).

In *Williams v. State*, 361 N.W.2d 840 (Minn.1985), the supreme court stated:

In the past this court has been lenient in enforcing the literal requirements for a departure report. * * *

In order to ensure future compliance, however, with the sentencing guidelines requirements, we prospectively adopt, effective the date this opinion is filed, the following general rules:

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.
2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.
3. If the reasons given justify the departure, the departure will be allowed.
4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.
5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

*Williams*, 361 N.W.2d at 844. The supreme court suggested that departure reports be filed within 60 days of sentencing. *Id.* at 843–44 n. 1.

Here the trial court did not provide any reasons for departure on the record at sentencing and instead submitted a departure report over four months after sentencing. It was not filed until September 26, 1985, two days after Pendzimas filed his brief in this matter.

While we have no doubt the evidence fully supports a departure based on particular cruelty to the victim and invasion of her zone of privacy, the departure report was untimely. There is good reason why the supreme court in *Williams* specifically required reasons to be stated on the record at sentencing. Without reasons given, a defendant is handicapped in evaluating and preparing an appeal.

We must remand to the trial court for resentencing within the range provided by the Guidelines to give the trial judge an opportunity to exercise discretion within that range. *State v. Pickett,* 358 N.W.2d 38 (Minn.1984), *affirmed as modified,* 375 N.W.2d 105 (Minn.Ct.App.1985).

## DECISION

■ No departure is allowed when the trial court fails to provide reasons justifying departure on the record at the time of sentencing and instead files a departure report over four months later. We remand for resentencing within the range of the presumptive sentence under the Guidelines.

Remanded.