**STATE of Minnesota, Respondent,**

v.

**Michael Lee ROBINSON, Appellant.**

No. C4–86–189.

Court of Appeals of Minnesota.

June 3, 1986.

Review Denied July 31, 1986.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Michael Robinson, Sr. appeals from convictions of first degree intrafamilial sexual abuse and third degree criminal sexual conduct, contending that the trial court abused its discretion by denying a motion to withdraw his guilty pleas to those offenses. He also asserts that an aggravated sentence on the sexual abuse conviction was not justified by "substantial and compelling circumstances;" in addition, he claims the trial court erred in imposing a mandatory minimum sentence on the third degree criminal sexual conduct conviction. We affirm but with modification of the sentence for third degree sexual conduct.

## FACTS

Appellant was originally charged with six offenses for the sexual abuse of his son, J.R., and a sexual assault on another boy, D.H. Shortly before trial, appellant agreed to plead guilty to first degree intrafamilial sexual abuse (of J.R.) and third degree criminal sexual conduct (with D.H.) in exchange for dismissal of the other four charges. The terms of the plea agreement were recited in open court in the presence of appellant and his counsel. Appellant also signed a written petition containing the same plea agreement. The petition further stated that the maximum sentence the court could impose was "imprisonment for 30 years." Appellant was sworn and questioned regarding the factual basis for his guilty pleas:

THE COURT: Okay. Now, as I understand the Complaint here, and the statements of J.R., you have been having oral sex—you forced him to have oral sex and anal sex with you on multiple occasions since the time of the beginning, you say as early as 1984?

DEFENDANT: Right.

\* \* \* \* \* \*

THE COURT: Not every day, but it could happen maybe every other day, or every few days, is that correct?

DEFENDANT: Correct.

\* \* \* \* \* \*

PROSECUTOR: Sometime during January of '85 did you ever have oral sex with D.H.?

DEFENDANT: Yes.

Based on appellant's answers the court accepted the Petition, ordered a pre-sentence investigation, and continued sentencing until October 17, 1985.

At the October 17th hearing, the court indicated that it intended to depart from the guidelines; sentencing was continued until November 7, 1985. On November 7th appellant moved to withdraw his guilty pleas. The motion was denied. The court adjudicated appellant guilty of first degree intrafamilial sexual abuse and third degree criminal sexual conduct.

Before passing sentence, the court took judicial notice of a dependency and neglect judgment detailing appellant's sexual, physical, and psychological abuse of J.R. The trial court sentenced appellant to 86 months for first degree intrafamilial sexual abuse, double the presumptive guidelines term, because of "the age, the vulnerability [of J.R.], and the length of time under which these actions continued." The trial court also imposed a concurrent 36 month sentence for appellant's third degree criminal sexual conduct conviction, which is the mandatory minimum term for a "second or subsequent" offense. *See* Minn.Stat. § 609.346 (1984).

### ISSUES

1. Did the trial court abuse its discretion by denying appellant's motion to withdraw his guilty pleas?

2. Were there "substantial and compelling circumstances" that justified an aggravated sentence?

3. Did the trial court err in imposing a mandatory minimum sentence for a "second or subsequent offense" where two offenses were adjudicated contemporaneously?

### ANALYSIS

#### I.

After a guilty plea has been entered and accepted, there is no absolute right to withdraw it. *State v. Knight*, 292 Minn. 419, 423, 192 N.W.2d 829, 832 (1971).

A court has discretion to allow a defendant to withdraw a guilty plea before sentencing
> if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn.R.Crim. P. 15.05, subd. 2 (1986). This court has indicated that "[t]rial courts should generally be lenient in allowing withdrawal of a plea before sentencing." *State v. Williams*, 373 N.W.2d 851, 853 (Minn.Ct.App.1985). Absent a clear abuse of discretion, the trial court's decision will not be disturbed on appeal. *Doughman v. State*, 351 N.W.2d 671, 674 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. Oct. 16, 1984).

Appellant contends he pleaded guilty because he believed he would not receive an aggravated sentence. Defense counsel argued, in support of appellant's motion to withdraw his pleas, that the trial judge had previously stated he "could not depart" at sentencing because the appellate court would reverse. The trial judge said he had not made such a statement, and there was no testimony by appellant or his counsel to show the existence or nature of that alleged statement. No agreement on the length of appellant's sentence was set forth in his plea petition or discussed on the record.

The disappointment of receiving a greater sentence than expected is not grounds for withdrawing a guilty plea. *Schwerm v. State*, 288 Minn. 488, 491, 181 N.W.2d 867, 868 (1970); *see State v. Andren*, 358 N.W.2d 428, 431 (Minn.Ct.App. 1984). In *Schwerm* the defendant pleaded guilty and received the maximum sentence of 20 years; he then claimed he pleaded guilty because he believed he would receive only a seven year sentence. The supreme court rejected the claim:
> Although a plea of guilty may be set aside where an unqualified promise is made as a part of a plea bargain, thereafter dishonored, a solemn plea of guilty

should not be set aside merely because the accused has not achieved an unwarranted hope.

*Schwerm,* 288 Minn. at 491, 181 N.W.2d at 868.

■ Here the terms of the plea agreement were discussed in court and appellant had considerable time to discuss his plea with counsel. A petition signed by appellant indicated he understood the plea agreement and knew he could receive a maximum sentence of 30 years. There is no record or evidence of any representations concerning appellant's possible sentence. We agree with the trial court that appellant's unrealized impression of the likely sentence was no justification for a motion to withdraw his guilty pleas.

■ Appellant also argues for withdrawal of his pleas based on his alleged "representation of innocence." This argument has no merit because there is nothing in the record that would arouse any doubt concerning his guilt. *See State v. Harding,* 260 Minn. 464, 473, 110 N.W.2d 463, 469 (1961).

## II.

Appellant next contends the trial court abused its discretion by imposing an aggravated sentence for his conviction of first degree intrafamilial sexual abuse. The 86 month sentence was twice the presumptive guidelines term of 43 months.

■ When substantial and compelling circumstances are present, a judge may depart from the presumptive sentence and impose any sentence authorized by law. Minnesota Sentencing Guidelines II.D. (1986). "Substantial and compelling circumstances" are those circumstances that make the facts of a particular case different from a typical case. *State v. Peake,* 366 N.W.2d 299, 301 (Minn.1985) (citing *State v. Back,* 341 N.W.2d 273, 276 (Minn. 1983)). The general issue facing a sentencing court when making durational departure decisions is "whether the defendant's conduct was significantly more or less serious than that typically involved in the com-

mission of the crime in question." *Ture v. State,* 353 N.W.2d 518, 522 (Minn.1984) (quoting *State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984)).

■ Here the trial court departed based on the "age, the vulnerability, and the length of time under which these actions continued." The state concedes, and we agree, that a victim's age and the duration of the sexual abuse were factors the legislature considered in defining the crime of first degree intrafamilial sexual abuse and establishing appropriate punishment. *See* Minn.Stat. § 609.3641, subd. 1(2)(e) (1984) (repealed by Minn. Laws 1985, ch. 286, § 24; the offense is now defined by Minn. Stat. § 609.342, subd. 1(h)(v) (Supp.1985)). Such factors cannot support a sentencing departure. *See State v. Brusven,* 327 N.W.2d 591, 593–94 (Minn.1982).

■ The vulnerability of a victim "due to age, infirmity, or reduced physical or mental capacity" may justify the imposition of an aggravated sentence in an appropriate case. Minnesota Sentencing Guidelines II. D.2(b)(1) (1986). But in this case there was no indication J.R. suffered from an infirmity or diminished physical or mental capacity; any vulnerability was attributable solely to his age. Since a victim's age cannot aggravate the sentence imposed for a conviction under Minn.Stat. § 609.3641, subd. 1(2)(e), none of the factors cited by the trial court support a sentencing departure.

■ However, our review is not limited to the factors expressly relied on by a sentencing court. *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). We uphold the aggravated sentence here because we find weighty evidence in the record to support a departure. *See id.* We agree with the state that departure was justified by appellant's particularly cruel treatment of his son. *See* Minnesota Sentencing Guidelines II.D.2(b)(2). The allegations of the complaint, appellant's admissions, a presentence investigation, and a dependency and neglect judgment detailed what can only be described as appellant's inhuman brutality towards J.R. *See State v. Bot-*

*tomley,* 384 N.W.2d 241 (Minn.Ct.App. April 1, 1986), *pet. for rev. denied,* (Minn. May 16, 1986).

### III.

The state concedes that under our recent decision in *State v. Friend,* 385 N.W.2d 313 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 22, 1986), the trial court erred in imposing a mandatory minimum sentence for the conviction for third degree criminal sexual conduct as a second or subsequent offense. Where a defendant is simultaneously adjudicated guilty of two sex offenses, the second-sentenced crime is not a "second or subsequent offense." *See id.;* Minn.Stat. § 609.346, subds. 2 and 3 (Supp.1985). Appellant's concurrent sentence for third degree criminal sexual conduct is accordingly modified to the presumptive guidelines term of 23 months.

### DECISION

The trial court did not abuse its discretion by refusing to allow appellant to withdraw his guilty pleas or in imposing an aggravated sentence on one conviction, but erred in imposing a mandatory minimum sentence.

Affirmed as modified.