**STATE of Minnesota, Respondent,**

v.

**Wayne Richard PETERSON, Appellant.**

No. C7–86–2194.

Court of Appeals of Minnesota.

May 19, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M. A. Johnson, Anoka Co. Atty., Daniel A. Klint, Asst. Co. Atty., Anoka, for respondent.

Carol Grant, Kurzman, Grant, Manahan & Partridge, Minneapolis, for appellant.

Considered and decided by PARKER, P.J. SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

In a post-conviction sentencing appeal, appellant claims upward departure for two separate incidents was not justified because the sentencing court did not provide reasons at the time of sentencing. We affirm.

## FACTS

On March 2, 1976, Wayne Peterson attacked and raped a recently widowed, 55–year-old woman who lived alone on an isolated farm. After Peterson forced his way into the victim's home, she managed to escape and ran out into the winter snow, clad only in her nightgown. Peterson

caught the victim outside and bent her toes and fingers backward to force her back into the house. Peterson then sexually assaulted the victim for a period of four to four and one-half hours. The assault included multiple acts of oral, anal and vaginal penetration with both digital and penile penetration. During the time Peterson was inside the victim's home, he held a knife to her throat and threatened to kill her. Peterson also threatened to scald her in a tub of hot water.

On May 4, 1976, Peterson pled guilty to first-degree criminal sexual conduct and was sentenced to an indeterminate sentence of one year and one day to 20 years, with execution stayed. As a condition of probation he was ordered to remain law-abiding and to enter and successfully complete sex offender treatment at the Security Hospital in St. Peter, Minnesota. On December 12, 1978, Peterson was discharged from St. Peter and placed at Portland House, a residential facility.

On the evening of May 1, 1984, Peterson entered the home of a neighbor, a divorced mother who lived alone with her two children. Armed with a knife, he forced the woman to submit to multiple sexual acts, knowing her ten-year-old son was asleep in the house. Peterson penetrated her orally, anally and vaginally, both digital and penile penetration. In forcing the victim to submit, he grabbed her so forcefully by the shoulders and arms that, 24 hours later, she still had visible signs of injury. Peterson also grabbed her jaw and forced her mouth shut to stop her calls for help.

On July 9, 1984, Peterson pled guilty to first-degree burglary and first-degree criminal sexual conduct. The court revoked his probation for the 1976 offense. He was sentenced on July 26, 1984, to a 68–month executed sentence (1 1/2 times the presumptive guidelines sentence). As part of the same plea agreement, Peterson was sentenced for the 1984 incident to a 41–month executed concurrent sentence for burglary and a 90–month executed consecutive sentence for criminal sexual conduct (double departure from the presumptive guidelines sentence). Prior to sentencing the State moved for departure on the ground that aggravating factors justified the departure.

During the sentencing hearing, the court heard the testimony of the two sexual assault victims and stated that the court was completely satisfied, from its detailed review of the files, that there was ample basis for departure. Subsequent to the sentencing hearing, the sentencing court filed a written departure report setting forth reasons for the departure.

Peterson was denied credit against his sentence for time spent at the Security Hospital. This denial was affirmed on appeal. *State v. Peterson*, 359 N.W.2d 708 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Mar. 13, 1985).

Peterson filed a petition for post-conviction relief, seeking resentencing within the range of the presumptive guidelines sentences. The post-conviction court denied the petition, and Peterson appeals.

### ISSUE

Did the post-conviction court err in refusing to resentence appellant to a presumptive guidelines sentence when the trial court failed to provide adequate reasons justifying upward departure at sentencing?

### ANALYSIS

The basis of Peterson's petition for resentencing is this court's holding in *State v. Pendzimas*, 379 N.W.2d 247 (Minn.Ct. App.1986), *pet. for rev. denied*, (Minn. Mar. 14, 1986). In *Pendzimas* the trial court failed to cite reasons for departure and instead submitted a report four months later, two days after Pendzimas filed his appeal brief. *Id.* at 248. In ruling that the untimely report could not be considered in reviewing the departure, we specifically relied on the Minnesota Supreme Court's rules on departure reports set forth in *Williams v. State*, 361 N.W.2d 840 (Minn. 1985). In *Williams* the Supreme Court explicitly stated that the rules were for the purpose of future compliance and applied prospectively. *Id.* at 844. The sentencing in this case occurred in July 1984, well before the *Williams* and *Pendzimas* decisions, and does not fall within the prospective application.

However, as the trial court noted, the facts would support a departure even under the *Williams* rule, which states, "if the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed." *Id.* at 844. After hearing the testimony of the two victims, the trial court stated that there was ample basis for departure. The court did not state the specific reasons, but the record contains sufficient evidence to justify the departure. *State v. Robinson,* 388 N.W.2d 43, 46 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. July 31, 1986).

The departure reasons include (1) the infliction of gratuitous cruelty on the victims, *State v. Morales,* 324 N.W.2d 374, 376–77 (Minn.1982); (2) the invasion of the victims' zone of privacy by assaulting them in their own homes, *State v. Winchell,* 363 N.W.2d 747, 750 (Minn.1985); *State v. Norton,* 328 N.W.2d 142, 146 (Minn.1982); *State v. Van Gorden,* 326 N.W.2d 633, 635 (Minn.1982); (3) the particular vulnerability of the victims and the exploitation of the vulnerability, *State v. Profit,* 323 N.W.2d 34, 36–37 (Minn.1982); and (4) multiple penetration, *Ture v. State,* 353 N.W.2d 518, 522 (Minn. 1984).

The purpose of requiring reasons to be stated at sentencing is to ensure defendant an opportunity to evaluate and prepare an appeal and to provide for meaningful review. *Pendzimas,* 379 N.W.2d at 248. Peterson was not prejudiced by the court's failure to specify reasons for departure at sentencing. Even though the trial court filed a written report, Peterson did not raise the departure as an issue in his direct appeal. The departure report and the post-conviction court's findings provide a sufficient basis for review. The post-conviction court did not err in denying the petition.

## DECISION

Affirmed.