*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1841**

Ignacio Olalde-Hernandez, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 28, 2016
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-CR-13-18864

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's denial of his motion for sentence correction, arguing that his sentence must be reduced because he received a 59-month prison term even though he pleaded guilty in exchange for the state's unconditional promise of a 48-month prison term. Because the record contains no evidence of such a promise by the state, we affirm.

## FACTS

In May 2014, appellant Ignacio Olalde-Hernandez pleaded guilty to first-degree controlled-substance crime and endangerment of a child. At the plea hearing, the prosecutor told the district court that Olalde-Hernandez "will be entering" a straight plea and that "[w]henever sentencing is to occur, the State would like to be heard on the matter." Olalde-Hernandez's plea petition similarly indicated that he would enter a "STRAIGHT PLEA." Neither Olalde-Hernandez nor the prosecutor informed the district court that the plea was tendered pursuant to a plea agreement or a sentencing promise by the state. After Olalde-Hernandez pleaded guilty, the district court ordered a presentence investigation.

In August 2014, Olalde-Hernandez failed to appear for sentencing as scheduled. When he appeared for sentencing at a later date, the prosecutor informed the district court that although "[t]he state's original offer . . . was 59 months," the state recommended the presumptive 86-month sentence because Olalde-Hernandez failed to recognize the seriousness of his charges and failed to appear for sentencing. Olalde-Hernandez's counsel asked the district court to "stick with the original indication of 48 months." The district

court sentenced Olalde-Hernandez to 59 months, explaining that that sentence was "the original plea negotiation in this matter."

Olalde-Hernandez moved the district court to correct his sentence, asking that it be reduced to 48 months. Olalde-Hernandez argued that he was entitled to the reduction because "[t]he state and Olalde Hernandez entered an agreement whereby Olalde Hernandez would plead guilty to first-degree controlled substance crime and child endangerment in exchange for no more than a 48-month prison term." He further argued that the 59-month sentence breached that agreement. The district court denied the motion, reasoning that Olalde-Hernandez did not meet his burden to prove that the state had agreed to or promised a 48-month sentence. Olalde-Hernandez appeals.

### D E C I S I O N

The district court treated Olalde-Hernandez's sentence-correction motion as a postconviction petition under Minn. Stat. § 590.01, subd. 1(1) (2014). *See State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015) (stating that a motion to correct sentence is proper only when the sentence was illegal); *Washington v. State*, 845 N.W.2d 205, 211 (Minn. App. 2014) (recognizing the district court's authority to treat a motion to correct sentence as a postconviction petition). A person convicted of a crime may request postconviction relief "to vacate and set aside the judgment . . . or grant a new trial . . . or make other disposition as may be appropriate." Minn. Stat. § 590.01, subd. 1 (2014). A petitioner seeking postconviction relief has the burden of establishing by "a fair preponderance of the evidence" the facts alleged in the petition. Minn. Stat. § 590.04, subd. 3 (2014); *Schleicher v. State*, 718 N.W.2d 440, 444 (Minn. 2006). "To meet that burden, a petitioner's

3

allegations must be supported by more than mere argumentative assertions that lack factual support." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005) (citation omitted).

Appellate courts review "a denial of a petition for postconviction relief . . . for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (citations and quotation omitted).

If a plea agreement is breached, the defendant's guilty plea is invalid and the court "may allow withdrawal of the plea, order specific performance, or alter the sentence if appropriate." *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000). However, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." *Id.* (quotation omitted). "[A] solemn plea of guilty should not be set aside merely because the accused has not achieved an unwarranted hope." *Schwerm v. State*, 288 Minn. 488, 491, 181 N.W.2d 867, 868 (1970).

Olalde-Hernandez argues that he pleaded guilty under a plea agreement in which the state promised him a 48-month sentence. He relies on his exchange with his attorney at the plea hearing as follows:

> Q: Do you understand that after my speaking with the Judge, that we expect the sentence to be 48 months, do you understand that?
> A: Yes.
> Q: Do you understand that you are going to do what is called a presentence investigation?
> A: Yes.
> Q. And do you understand I'm hoping this will come back and maybe convince the Judge to give you even less, but we are not counting on that, do you understand that, there's no promises?
> A: Yes.

4

He also relies on his plea petition, which contains the following preprinted text, "I am entering my plea of guilty based on the following plea agreement with the prosecutor," followed by a handwritten notation stating, "STRAIGHT PLEA (48 MOS)." The use of the term "straight plea" in the plea petition connotes the absence of a plea agreement. *See United States v. Kriz*, 621 F.2d 306, 309 (8th Cir. 1980) (explaining that the defendant and government could not come to an agreement so a straight plea was entered with no assurances). Consistent with that connotation, at the plea hearing, the prosecutor indicated that Olalde-Hernandez would enter a straight plea and did not commit the state to any particular sentence.

Although the prosecutor indicated that the state had originally offered "59 months," there is no evidence that the parties agreed to a 59-month sentence, much less a 48-month sentence. Instead, the record suggests that Olalde-Hernandez expected a 48-month sentence based on conversations between his attorney and the district court judge. But Olalde-Hernandez does not argue that the district court promised him a particular sentence in exchange for his plea. *See State v. Anyanwu*, 681 N.W.2d 411, 414 (Minn. App. 2004) ("It is improper for a district court to promise a particular sentence in advance.").

In sum, the record does not show that Olalde-Hernandez pleaded guilty in exchange for the state's promise of a 48-month sentence. Thus, there is inadequate factual support for his assertion that he is entitled to a sentence reduction. The district court therefore did not abuse its discretion by refusing to grant relief.

**Affirmed.**