## STATE v. DANIEL KNIGHT.

192 N. W. 2d 829.

December 10, 1971—No. 41525.

*C. Paul Jones,* State Public Defender, and *Earl P. Gray,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attor-

ney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Murphy, Kelly, and Hachey, JJ.

PER CURIAM.

An appeal from a judgment of conviction for theft by check (Minn. St. 609.52, subd. 2[3]) on review before this court following a remand to the district court for a hearing on defendant's petition for postconviction relief; which relief was denied.

It appears from the record that on November 14, 1967, defendant, Daniel Knight, was arraigned on an information charging him with aggravated forgery, § 609.625, subds. 1 and 3. Following negotiations between his counsel and the prosecuting attorney, the charge was vacated, and defendant entered a plea of guilty to the lesser offense of theft by check in violation of § 609.52, subd. 2(3). Upon this plea, a presentence investigation was ordered. The plea was accepted after an interrogation of defendant by his own attorney, during which he admitted his participation in the acts which constituted the elements of the offense charged. When defendant subsequently appeared for sentencing, he requested that his plea of guilty be vacated. Contrary to his previous admissions in open court, he asserted that he had no knowledge that the spurious check, which was the basis of the offense charged, was forged. His request came as a surprise to his attorney, who made the following statement to the court:

"* * * I think I should clarify the record and also make a record to the effect that I was not apprised to Mr. Knight's desire to change or withdraw his plea of guilty until this morning, or until such time as he took the stand. I also should add in this particular case I represented Mr. Knight from the inception of the case, that there was a preliminary hearing in Municipal Court which I represented him and that subsequent to that I had numerous conferences with the county attorney's office; and I should point out for the record that the initial charge was forgery which carried a term of ten years, but after discussions with the county attorney and pursuant to papers filed with the Court and in the Court file, the county attorney agreed to reduce the charge to theft by check which carries a maximum of five years.

"I feel under the circumstances, Your Honor, that the defendant was represented—I represented the defendant adequately and kept him informed at all times of what was going on and what the situation was. I think the Court is aware of the fact, and the record shows, that the questions asked at the plea of guilty were those put to the defendant

by myself and that the defendant answered the questions in the affirmative and admitted his guilt." [1]

[1] On interrogation, prior to entry of his plea of guilty, defendant testified as follows in response to questions by his attorney:

"Q. Mr. Knight, this is a matter you and I have discussed at length, is that correct?

"A. Yes.

"Q. And I represented you at a preliminary hearing held in the Municipal Court on or about November 27, 1967?

"A. Yes.

\* \* \* \* \*

"Q. And since that time we have again discussed the matter on numerous occasions, including yesterday?

"A. Yes.

\* \* \* \* \*

"Q. And have any threats or promises by myself, the County Attorney's office, sheriff or anybody been made to you in order to induce you to make this plea?

"A. Yes.

"Q. Have any?

"A. No.

"Q. And you make this plea of your own free will and volition?

"A. Yes.

"Q. And you understand by this plea you could be sentenced to a term of up to five years in the State penitentiary?

"A. Yes.

"Q. And knowing all these facts, you are still voluntarily and freely making this plea?

"A. Yes.

"Q. Is that correct?

"A. Yes, sir.

"Q. Now, Mr. Knight, more particularly on the night of October 11, 1967, at Brookdale Shopping Center, was a check given to the Florsheim Shoe Shop?

"A. Yes.

"Q. And you were not the person who wrote the check or gave the check, is that correct?

"A. Yes, sir.

"Q. But you knew that the check was a forged check, is that correct?

"A. Yes, sir.

The thrust of defendant's contentions in the postconviction proceeding was that he was misled by promises of a more lenient disposition of the charge against him and that the trial court abused its discretion in refusing to allow him to withdraw his plea of guilty before sentencing. At the postconviction hearing, the sole testimony regarding alleged misrepresentations of defense counsel came from defendant himself. In denying the requested relief, the court stated that it was not persuaded by defendant's testimony.

Numerous decisions of this and other courts have held that the uncorroborated testimony of a petitioner at post-trial proceedings is not sufficient to sustain his burden of proof. The trial court was impressed by the fact that defendant did not call "the only other available witness who could have lent credence to [his] assertion." We think that the whole record, including the proceedings in open court wherein defendant admitted his complicity in the offense prior to the court's acceptance of his plea of guilty, supports the trial court's finding that his showing was not sufficient to sustain his burden of establishing that his plea was not voluntary. State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. 2d 847 (1965); Cable v. State, 284 Minn. 89, 169 N. W. 2d 391 (1969); Swanson v. State, 284 Minn. 66, 169 N. W. 2d 32 (1969); State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. 2d 228 (1968); Tyler v. Beto, 391 F. 2d 993 (5 Cir. 1968).

This court further finds no merit in defendant's contention that the

---

"Q. And you were aware of the fact that the check did not belong to the person who gave it?

"A. Yes, sir.

"Q. And the person who did pass the check upon Florsheim Shoe Shop got a pair of alligator shoes, is that correct?

"A. Yes.

"Q. And you took the alligator shoes the next day and knowing that she had obtained it by a bad check, is that right?

"A. Yes.

* * * * *

"Q. * * * Now, Mr. Knight, there was a Rasmussen notice and there was a search and seizure of certain shoes, if you recall?

"A. Yes.

"Q. And I have discussed this matter with you, is that correct?

"A. Yes.

"Q. And you understand by this plea you are waiving your right to a hearing on this question of a search and seizure?

"A. Yes."

trial court abused its discretion in refusing to vacate his plea of guilty. It is well established that one who has entered a plea of guilty to a criminal complaint does not have the absolute right to withdraw it. In innumerable cases we have stated that a motion to withdraw a plea of guilty and enter a plea of not guilty is addressed to the trial court's sound discretion, subject to the usual rules governing its exercise. Chapman v. State, 282 Minn. 13, 162 N. W. 2d 698 (1968), fully discusses the point in issue and sets forth at length the standards which should guide the trial court in determining whether or not a plea of guilty should be vacated on defendant's request. We cannot say here that the trial court's denial of his motion was an abuse of discretion where defendant was represented by competent counsel and entered a plea of guilty only after he had been fully informed of his rights. State v. Warren, 278 Minn. 119, 153 N. W. 2d 273 (1967); State v. Harding, 260 Minn. 464, 110 N. W. 2d 463 (1961). The subject is also fully discussed and annotated in 5A Dunnell, Dig. (3 ed.) § 2444.

Affirmed.