**STATE of Minnesota, Appellant,**

v.

**Donald Eugene BROWN, Respondent,**

**Craig Allen Larson, Respondent.**

**Nos. C1–83–1706, C6–83–1801.**

Court of Appeals of Minnesota.

March 21, 1984.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close and Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, John Lervick, City Atty., David R. Battey, Asst. City Atty., Scott T. Johnson, Asst. County Atty., Alexandria, for appellant.

C. Paul Jones, State Public Defender, Robert D. Goodell, Mark F. Anderson, Asst. Public Defenders, Minneapolis, and Neil E. Johnson, Asst. Public Defender, Long Prairie, for respondents.

Heard, considered and decided by FOLEY, P.J., WOZNIAK and SEDGWICK, JJ.

## OPINION

FOLEY, Judge.

The State appeals dismissal of gross misdemeanor DWI charges against defendants. The trial court held that defendants' prior misdemeanor DWI convictions based on uncounseled guilty pleas may not be used to convert their current DWI offenses into gross misdemeanors because: 1) defendants did not validly waive their right to counsel, and 2) defendants were not informed of their rights in accordance with Minn.R.Crim.P. 15.02 or 15.03. We affirm.

These cases are consolidated for a single opinion.

## FACTS

Donald Brown and Craig Larson were each charged with violating Minn.Stat. § 169.121, subd. 1(d) and subd. 3(a) (driving with an alcohol concentration of .10 within five years of a previous conviction). The offense is a gross misdemeanor. They each had one prior misdemeanor conviction for driving under the influence of alcohol. Both convictions were based on uncounseled guilty pleas.

The defendants received virtually identical group advisories by the same judge at the time of their prior guilty pleas. The advisories satisfied Minn.R.Crim.P. 5.01, but not 15.02 or 15.03. The advisories included notice of the right to representation by counsel in all proceedings including police lineups and interrogations, and the right to court appointed counsel for offenses punishable by a jail sentence.

The judge at the prior proceeding also questioned Brown and Larson individually before accepting their guilty pleas. He informed them they were charged with violating Minn.Stat. § 169.121, subd. 1(a) & (d), but did not tell them they were charged with a misdemeanor or that conviction could result in incarceration. He asked each if he heard and understood the rights covered in the group warning, and if he wished to be represented by an attorney. Both acknowledged receiving the warnings, declined an attorney and pled guilty.

## ISSUE

1. Can waiver of counsel be knowing and intelligent when a defendant is informed that court appointed counsel is available for offenses punishable by incarceration, but is not told the penalty for the offense with which he is charged?

## ANALYSIS

■ In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), the Minnesota Supreme Court held that a prior misdemeanor DWI conviction based upon an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor, absent a valid waiver of counsel on the record of the prior proceeding.

■ The state bears the burden of proving that the waiver was valid. *Nordstrom*, 331 N.W.2d at 905; *State v. Medenwaldt*, 341 N.W.2d 885 (Minn.App.1984). To satisfy that burden "the record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) (quoting from *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)).

■ The state failed to meet its burden in these cases. Minn.R.Crim.P. 15.03 permits group warnings in misdemeanor cases. But courts must be conscious of the potential for confusion when they issue en masse warnings to groups containing persons charged with non-criminal petty misdemeanors and those charged with criminal misdemeanors. Such warnings must be supplemented by individual questioning to insure that defendants understand which portions of the warnings apply to them.

In *State v. Motl*, 337 N.W.2d 664 (Minn. 1983), the Minnesota Supreme Court emphasized the need for clarifying group warnings.

> The trial court gave a general warning in which he set forth the rights accorded those charged with petty misdemeanors and also set forth the rights accorded those charged with misdemeanors. In such a situation the trial court must be careful to insure that a particular defendant knows whether the offense he is charged with is a misdemeanor or a petty misdemeanor, else one charged with a misdemeanor could be misled into thinking that he does not have certain rights which he in fact does have.

*Motl*, 337 N.W.2d at 666.

■ When Larson and Brown appeared in court on the initial DWI charges both

were informed through group advisories of the difference in penalties for misdemeanors and petty misdemeanors. But the judge at the initial proceeding did not inform defendants before he took their pleas that they were each charged with a misdemeanor or that violation of Minn.Stat. § 169.121, subd. 1(a) & (d) is punishable by a jail sentence. So defendants' understanding of their right to court-appointed counsel was predicated upon their knowing, without being told by the court, that the offense with which they were charged was punishable by a jail sentence. Under such circumstances we cannot find knowing and intelligent waiver of counsel upon the record.

Since we find no valid waiver of counsel, we need not reach the other reason given by the trial court for dismissing the gross misdemeanor DWI charges against defendants.

### DECISION

A conviction based upon an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor in the absence of a valid waiver of counsel on the record of the prior proceeding. We affirm.