**STATE of Minnesota, Respondent,**

v.

**John R. HANSON, Appellant.**

**No. CX–84–1522.**

Court of Appeals of Minnesota.

Jan. 15, 1985.

Norbert P. Smith, North Mankato City Atty., Mankato, for respondent.

C. Paul Jones, State Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ. with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant claims that the record of his prior D.W.I. conviction did not contain a valid waiver of right to counsel and, therefore, cannot be used to enhance his present D.W.I. conviction from a misdemeanor to a gross misdemeanor. We agree and reverse.

## FACTS

Appellant was convicted of gross misdemeanor D.W.I., Minn.Stat. § 169.121, subd. 1(a) and subd. 3(a) (Supp.1983) for driving with an alcohol concentration of .10 within five years of a previous conviction. The omnibus court ruled that the record of appellant's prior 1981 D.W.I. conviction showed that in entering a plea of guilty appellant had validly waived his right to counsel pursuant to Minnesota Rules of Criminal Procedure 15.03, subd. 1. The 1981 record showed that appellant received a group advisory of his rights, including right to counsel. The advisory also stated that each person was to be told whether the charge against him was a misdemeanor and asked whether the person wished an

attorney. The advisory added that if anyone had any questions regarding those rights he should ask them before entering a plea. Appellant, when questioned individually and told of the charges, was only asked if he desired to see an attorney. He was not asked if he understood the constitutional rights recited during the group advisory.

After being told the charges and asked whether he decided to see an attorney, appellant replied "no" and then pled guilty. On appeal, appellant claims that the omnibus court erred in finding that his 1981 plea was entered with a valid waiver of counsel and thus his present conviction should only be misdemeanor D.W.I. rather than a gross misdemeanor.

After the group advisory, appellant was questioned individually as follows:

THE COURT: The charges against you are operating a motor vehicle while under the influence of alcohol and open bottle, each of them are misdemeanor charges, do you desire to see an attorney?

THE DEFENDANT: No.

THE COURT: As to the charge of operating a motor vehicle while under the influence of alcohol, do you plead guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: As to the charge of open bottle do you plead guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: You were the driver of the vehicle on December 24th at about 1:26 in the morning on North State Street and East Fourth Street in the City of Fairmont?

THE DEFENDANT: Yes.

THE COURT: And you had consumed alcohol to the point where it affected your ability to drive?

THE DEFENDANT: Yes.

## ISSUE

Did the trial court record of the 1981 D.W.I. conviction establish that the appellant made a valid waiver of his right to counsel?

## ANALYSIS

In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983) the supreme court held that a prior uncounseled guilty plea cannot be used to convert a subsequent D.W.I. offense into a gross misdemeanor absent a valid waiver of counsel on the record. *See State v. Brown*, 346 N.W.2d 187 (Minn.Ct. App.1984). The trial court decided that, based on the totality of the facts, appellant intelligently and knowingly waived his right to counsel. We disagree.

Minnesota Rules of Criminal Procedure 15.03, subd. 1 states as follows:

When [a group advisory] procedure is followed the court's statement shall be recorded and each defendant when called before the court shall be asked whether he heard and understood the statement.

When the group advisory as to constitutional rights is used, Rule 15.03 mandates that each defendant shall *at least* be individually questioned by the court as to whether he heard and understood the constitutional rights recited. The record from appellant's 1981 D.W.I. conviction does not display either that question or an answer by appellant that he understood the constitutional rights recited to the group and waived them. Appellant was asked if he desired to see an attorney and he gave a one word answer, "no." That question and answer does not satisfy the minimum requirements of Rule 15.03, as appellant was not asked before waiving an attorney whether he understood that he was entitled to all the rights (including an attorney) recited in the group advisory.

The State cites *State v. Motl*, 337 N.W.2d 664 (Minn.1983) in support of its contention that there was a valid waiver of counsel on the record. In examining *Motl*, it is clear that the supreme court did not hold out the questioning used by the court in *Motl* as either complete or recommended. The supreme court stated

The individual interrogation of defendant in this case constitutes the absolute bare

minimum that is acceptable in a case like this. In general trial courts accepting guilty pleas from misdemeanants *should be more specific in their questions,* particularly in determining whether the defendant waives his right to counsel and whether there is a factual basis for the plea.

*Id.* at 666 (emphasis added).

The supreme court also stated

In the past we have sometimes upheld guilty pleas even though the trial court neglected to question the defendant about a particular right, at least where the defendant was represented by counsel, the theory being that counsel presumably advised the defendant of the particular right. *Shackelford v. State,* 312 Minn. 602, 253 N.W.2d 149 (Minn. 1977); *Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976). *But where the plea was made without benefit of counsel we have been strict. See, e.g., Burt v. State,* 256 N.W.2d 633 (Minn.1977), where we reversed an order denying postconviction relief from a conviction based on an uncounseled guilty plea. *See also State v. Jones,* 266 N.W.2d 706 (Minn.1978).

*Id.* at 666 (emphasis added).

Although that conviction was upheld, the logical inference to be drawn from *Motl* is that the specific individual questions asked in *Motl* should be expanded to insure that a defendant's waiver of his right to an attorney is an intelligent and knowing waiver.

In addition, the court in *Motl* did, in fact, ask the individual question relative to awareness of constitutional rights called for by Rule 15.03, which is lacking in appellant's case:

THE CLERK: Allen David Motl.

THE COURT: You're Allen David Motl?

THE DEFENDANT: Right.

THE COURT: Mr. Motl, you're charged with driving while under the influence and over ten percent ethel [sic] alcohol concentration on Highway 10 on January 9th, 1982. *You're aware of your constitutional rights?*

THE DEFENDANT: *Yes.*

THE COURT: *Any questions about them?*

THE DEFENDANT: *No.*

THE COURT: What is your intention to do at the present time?

THE DEFENDANT: Plead guilty.

THE COURT: You took a blood test?

THE DEFENDANT: Yeah.

THE COURT: And did you get the results of that?

THE DEFENDANT: Yeah.

THE COURT: What did they tell you it was?

THE DEFENDANT: One seven.

THE COURT: I will order a pre-sentence investigation and see you later for sentencing.

*Id.* at 666 (emphasis added).

There are four possible combinations of circumstances surrounding a defendant's waiver of constitutional rights. The four are: (a) a defendant with an attorney waives his constitutional rights after they have been read to him individually pursuant to Minn.R.Crim.P. 15.02; (b) a defendant without an attorney waives his constitutional rights after they have been read to him individually pursuant to Minn.R.Crim.P. 15.02; (c) a defendant with an attorney waives his constitutional rights after he has heard them in a group advisory pursuant to Minn.R.Crim.P. 15.03, subd. 1; (d) a defendant without an attorney waives his constitutional rights after he has heard them in a group advisory pursuant to Minn. R.Crim.P. 15.03, subd. 1. The most dangerous combination which calls for the closest scrutiny of the record is when the defendant does not have an attorney and is given the group advisory pursuant to R. 15.03, subd. 1.

Because of length, we will not reprint the entire group advisory given appellant except to note that it contained 383 words, 17 sentences, and approximately 25 different concepts in criminal law, including a mixture of rights depending on whether the charge was a petty misdemeanor or a misdemeanor. To assume that the average

citizen, untrained in the law, would hold that recital in his mind and make a valid waiver of each and every right recited without at least being asked by the trial court whether he or she understood them all is to superficially gloss over the concept of fundamental fairness.

## DECISION

The record of appellant's 1981 D.W.I. conviction does not support a finding that appellant knowingly and intelligently waived his right to an attorney. His present D.W.I. conviction cannot be enhanced from a misdemeanor to a gross misdemeanor based on the 1981 offense.

Reversed.