**STATE of Minnesota, Respondent,**

v.

**Gene Stanley LARSEN, Appellant.**

**No. C1-85-2049.**

Court of Appeals of Minnesota.

March 25, 1986.

Review Denied May 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., Mark W. Malzahn, Dorn Law Firm, Ltd., Anoka, for respondent.

Robert C. Sipkins, Jerry Strauss, Stern, Levine, Lifson & Strauss, P.A., St. Louis Park, for appellant.

Heard, considered and decided by POPO-VICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Following a court trial on stipulated facts, appellant Gene Larsen was convicted of aggravated DWI under Minn.Stat. § 169.121, subd. 3(a) (1984) for driving with an alcohol concentration of over .10 within five years of a previous similar conviction. *See State v. Lothenbach*, 296 N.W.2d 854, 858 (Minn.1980). Larsen claims the record of his prior DWI conviction did not contain a valid waiver of counsel and cannot be used to enhance his present DWI conviction from a misdemeanor to a gross misdemeanor. We affirm.

## FACTS

At the omnibus hearing, the trial court ruled that the record of Larsen's prior 1982 DWI conviction indicated that in entering a guilty plea he validly waived his right to counsel. The record of the 1982 DWI conviction shows that Larsen arrived late to the arraignment and missed the trial court's group advisory of rights. The trial court advised Larsen individually as follows:

> THE COURT: I'll go through this with you again. You have the right to remain silent; what you say can be used against you; you don't have to be a witness against yourself; you have the right to an attorney and a right to a public defender if you can't afford an attorney; you have the right to have your case continued so that you can consult with an attorney; you have the right to demand a formal complaint if you don't under-

stand the charge based on the information we have here today; you have the right to a jury trial; you have the right to be presumed innocent until proven guilty at the trial; you have the right to remain silent at the trial and have an attorney represent you at the trial and have witnesses testify for you, have the court subpoena them to be here to testify, and to confront and cross-examine witnesses against you. You can waive all of those rights and plead guilty and then you'll be sentenced. At the time of sentencing you have the right to make a statement on your behalf before sentence is imposed. Now, do you understand your rights?

DEFENDANT: Yes.

THE COURT: Do you have or want an attorney?

DEFENDANT: No.

THE COURT: The first charge is that on August 28th about three-thirty in the morning, 10th and Howard in Hibbing, that—let's start with the top—that you were driving under the influence of alcohol; do you understand that charge?

DEFENDANT: Yes.

THE COURT: Guilty or not guilty?

DEFENDANT: Guilty.

THE COURT: And secondly, that you were driving after suspension of your drivers license, do you understand that charge?

DEFENDANT: Yes.

THE COURT: Guilty or not guilty?

DEFENDANT: Not guilty.

THE COURT: Third; that you had no Minnesota no-fault insurance. Do you understand that charge?

DEFENDANT: Yes.

THE COURT: Do you plead guilty or not guilty?

DEFENDANT: Guilty.

THE COURT: You're pleading guilty to the DWI and the no No-fault Insurance, and you're pleading not guilty to the Driving After Suspension, is that correct?

DEFENDANT: That's right.

THE COURT: Starting with the DWI charge, do you understand what an attorney is?

DEFENDANT: Yes.

THE COURT: You have dealt with attorneys before?

DEFENDANT: No, I haven't.

THE COURT: An attorney is somebody who is trained in the law, experienced in handling these matters in court, that can give you advice on how to proceed and speak on your behalf at all stages of the proceedings including trial, explain to you what your options are on this charge; do you understand that?

DEFENDANT: Yes.

THE COURT: And you should also understand that under the new DWI law a second conviction of DWI within five years is a gross misdemeanor with a maximum penalty of one year in jail and $1,000 fine. The policy of the judges of this county on second-time DWI's is to give you at least 30 days in jail and you'll possibly also be on probation for two years, and conditions would be refrain from the use of alcohol and possibly going through treatment. I want you to understand all of this. Without an attorney, if you plead guilty to this DWI charge I want you to understand the consequences.

DEFENDANT: You were talking about if I had a second one?

THE COURT: Yes. That's if you get a second one.

DEFENDANT: Would it be helpful or would it help if I had one for the first one?

THE COURT: Well, I can't tell you what would help or what wouldn't help and I can't be your attorney. I just want you to clearly understand what is going on here and then it's up to you to decide.

DEFENDANT: Well, I don't think I need one.

THE COURT: You understand everything that's involved that I've explained to you?

DEFENDANT: Yes.

THE COURT: Nothing I have said to you confused you at all?

DEFENDANT: No.

THE COURT: And you still want to plead guilty?

DEFENDANT: Yes.

THE COURT: I'm not trying to talk you out of it, I just want you to understand what you're doing and make it very clear if you got another DWI next week you wouldn't come in and say, "I didn't understand when I was in the first time that the second time could have that effect."

The trial court then established a factual basis for the DWI offense and accepted Larsen's plea.

## ISSUE

Did the trial court err in ruling that the record of the 1982 DWI conviction established that appellant validly waived his right to counsel?

## ANALYSIS

In *State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983), the supreme court held that a prior uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor absent a valid waiver of counsel on record. The State has the burden of proving a valid waiver of counsel. *State v. Brown*, 346 N.W.2d 187, 189 (Minn.Ct.App.1984).

Here the trial court in 1982 gave a thorough warning and examination. The court clearly explained the charge against Larsen and the possible consequences of an aggravated DWI. Larsen was asked whether he understood all his constitutional rights and indicated at least twice that he did. Further, he was asked many specific questions about his right to an attorney. Given the expansive nature of the court's questioning, there can be no doubt Larsen's waiver of his right to an attorney was an intelligent and knowing one. *See State v. Motl*, 337 N.W.2d 664, 666 (Minn.1983) [1]; *State v.*

1. We note that the supreme court recently cited *Motl* with approval in *State v. Edmison*, 379

*Hanson*, 360 N.W.2d 460, 462 (Minn.Ct. App.1985). As the trial court here found: "[F]rom all appearances here Mr. Larsen got one-on-one treatment and there is no indication that there was a rushing through or having abbreviated questions such as do you understand your rights and somebody said, yes, moving on."

## DECISION

The trial court did not err in ruling that appellant's prior 1982 DWI conviction was accompanied by a valid waiver of counsel. It was proper to enhance appellant's current DWI conviction to a gross misdemeanor.

Affirmed.