**STATE of Minnesota, Respondent,**

v.

**Timothy Jerome VIEBURG, Appellant.**

**No. C8–86–1779.**

Court of Appeals of Minnesota.

April 21, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

John R. Praetorius, Minneapolis, for City of Edina.

Sherman Bergstein, Minneapolis, for appellant.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Appellant Timothy Vieburg appeals from the trial court's denial of his motion to withdraw a guilty plea. We reverse.

## FACTS

Timothy Vieburg was charged with driving after suspension, driving without insurance and speeding, after an incident on June 15, 1983. He failed to appear at a continued arraignment, and a bench warrant was issued. He was arrested approximately two years later when he returned to Minnesota after military service.

On March 6, 1986, Vieburg appeared in Hennepin County court. He was asked if he wanted to answer the charges and replied, "yes." He was arraigned and entered a guilty plea to driving after suspension. Although the prosecutor for the City of Edina was not present, the other charges were dismissed. The court asked him why he was driving, and he answered that he did not recall the incident. The court imposed a sentence of $200 or 90 days and 90 days in the workhouse with 80 days suspended on condition that Vieburg not drive without a valid license. Vieburg apparently served the ten days. Vieburg was not represented by counsel in these proceedings.

On September 18, 1986, Vieburg was again arrested for driving after suspension of his driving privileges. He pled not guilty and requested a jury trial. A revocation hearing was scheduled before the judge who had suspended the 80 days. Vieburg appeared with counsel, who moved to withdraw the March 6 guilty plea because there had been no advisory or inquiry on Vieburg's rights, particularly his right to counsel, and there was no factual basis to support the plea. The trial court

denied the request as untimely and summarily revoked Vieburg's suspended sentence, resulting in this appeal.

### ISSUE

Did the trial court err in denying appellant's motion to withdraw his plea of guilty?

### ANALYSIS

The record shows that at the time Vieburg pled guilty, the trial court made no inquiry to determine if he understood the place, time and nature of the charged offense; the extent of possible penalties; the right to counsel and whether he could afford counsel; and his trial rights and whether he waived those rights.

The trial court should not accept a defendant's plea of guilty without first ascertaining on the record, that he understands the nature and the elements of the crime to which he pleads guilty and that he is informed of the fundamental rights of a defendant who elects to plead not guilty and stand trial.

State v. Johnston, 279 Minn. 209, 212, 156 N.W.2d 218, 220 (1968). There are requirements which must be met before the court accepts a plea of guilty. Minn.R.Crim.P. 15.02.

Minn.R.Crim.P. 15.05, subd. 1, provides: The court shall allow a defendant to withdraw his plea of guilty upon a timely motion and prove to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. Such a motion is not barred solely because it is made after sentence. If a defendant is allowed to withdraw his plea after sentence, the court shall set aside the judgment and the plea.

■ An accused has the right to withdraw his plea of guilty upon establishing a denial of his right to counsel. McMann v. Richardson, 397 U.S. 759, 767, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970); State v. Waldron, 273 Minn. 57, 139 N.W.2d 785 (1966); see State v. Seebold, 280 Minn. 241, 246, 158 N.W.2d 854, 857 (1968); Reiff v. State, 41 Wis.2d 369, 164 N.W.2d 249 (1969). This conforms with A.B.A. stan-

dards. See ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968), § 2.1.

■ There is no indication on the record that Vieburg was ever advised of his right to counsel. Not only must a defendant be informed of his right to counsel before pleading guilty, he must make a knowing and intelligent waiver of that right on the record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1973). We cannot presume that Vieburg was adequately advised and understood his rights. See State v. Nordstrom, 331 N.W.2d 901, 904 (Minn.1983).

■ In addition, there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he pleads guilty. Kelsey v. State, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974). The trial court must determine whether there is a factual basis for the plea. Minn.R.Crim.P. 15.02. Here, the prosecutor was not present to provide a basis. When the court asked Vieburg, "Do you recall why you were driving on the date you were arrested, June 15, 1983?" he replied, "It's kind of a long time ago, your Honor. I don't remember the circumstances of it." This is not a sufficient factual basis to justify accepting a guilty plea.

■ The trial court stated that had Vieburg moved at sentencing or at any time before a new charge was filed, the motion to withdraw would have been granted. Delay in seeking relief is a relevant consideration, Chapman v. State, 282 Minn. 13, 21, 162 N.W.2d 698, 703 (1968); however, Vieburg was proceeding without counsel and was not advised of his rights. He cannot be faulted for failing to move to withdraw the plea when it was entered. As soon as he obtained counsel, seven months later, his attorney moved to withdraw the guilty plea. Under the circumstances of this case, the motion was not untimely.

■ Because of our decision, we need not discuss whether the trial court erred in summarily revoking the stay and ordering

appellant to serve 80 days in jail. We do note, however, that unless waived, a revocation hearing must be held to determine whether there is clear and convincing evidence that the probationer has violated any condition of probation and, if violated, whether the circumstances warrant revocation. Minn.R.Crim.P. 27.04, subd. 2(1)b, d.

## DECISION

Appellant established that withdrawal is necessary to correct a manifest injustice. The trial court erred in refusing to grant appellant's motion to withdraw a guilty plea, because the record establishes that the guilty plea was made without a factual basis and was entered in violation of appellant's right to counsel and without a proper inquiry into appellant's rights.

Reversed.