**Joon Kyu KIM, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C6–88–277.**

Court of Appeals of Minnesota.

July 26, 1988.
Review Granted Sept. 28, 1988.

Peter Thompson, Robert Sicoli, Thompson & Lundquist, Ltd., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Heard, considered, and decided by WOZNIAK, C.J., and SHORT and THOREEN,* JJ.

## OPINION

WOZNIAK, Chief Judge.

Joon Kyu Kim appeals the trial court's denial of three separate attempts to withdraw his guilty plea. He attempted to withdraw his guilty plea on two occasions prior to sentencing and again in his post-conviction petition. We reverse and remand for trial.

## FACTS

In June 1984, Joon Kyu Kim was arrested and charged with third and fourth degree sexual assault of one of his employees. This employee worked, along with her husband, as a caretaker at an apartment complex Kim owned.

Following lengthy pretrial delays (due to pendency of appeals from a pretrial order), trial was scheduled for June 16, 1987. Kim was represented by a private attorney, and had been since his arrest.

On the day of trial, after the selection of two jurors, Kim's attorney and the prosecutor discussed a plea agreement. Under the proposed plea agreement, Kim would plead guilty to fourth degree sexual assault, and the third degree charge would be dismissed. Additionally, Kim was to receive a gross misdemeanor sentence, which, by operation of law, would result in a gross misdemeanor conviction on his criminal record despite the fact that he pleaded guilty to a felony charge. *See* Minn.Stat. § 609.13, subd. 1 (1986).

Kim's attorney presented this proposed plea agreement to Kim. Kim agreed to plead guilty to the fourth degree charge, and was advised again in court that this would result in a gross misdemeanor conviction on his record.

Kim testified that he understood the crime he was pleading guilty to and the plea agreement he had just entered. Kim stated he understood the petition to plead guilty and understood all the rights he was waiving in his petition to plead guilty. He admitted to committing all the elements of fourth degree sexual assault. He acknowledged discussing the matter with his counsel at great length and had "every confidence" in his counsel's representation. He further testified that he entered into the agreement voluntarily, and that no threats or promises other than those contained in the plea agreement induced him to plead guilty.

The trial court indicated it would consider the agreement. The court stated that if it was unable to accept the misdemeanor penalty restriction imposed by the agreement, the case would be rescheduled for trial. The court set sentencing for July 29, 1987, and ordered a Presentence Investigation (PSI).

Shortly thereafter, Kim was informed by his employer that he would have to resign because of his conviction. Kim talked with his attorney, who suggested he move to withdraw his guilty plea. In an affidavit

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

prepared for the motion, Kim indicates his employer told him that the only way he could keep his job was to be acquitted of the charges.

On July 6, Kim met with the Ramsey County Department of Community Corrections. Kim told them that he was filing a motion to withdraw his guilty plea. Community Corrections immediately notified the trial court of this development. Pending outcome of the motion, the department canceled the PSI.

The motion to withdraw the guilty plea eventually was filed on July 16, 1987. The ground urged for the allowance of the withdrawal was Kim's misapprehension of the effect the guilty plea would have on his job.

After hearing argument in chambers, the court denied the motion to withdraw the plea. No evidentiary hearing was held. The court's accompanying memorandum gives two reasons for its denial. First, the judge noted that at the time the plea was brought before the court, jury selection had commenced. The court felt the withdrawal prejudiced the state because its subpoenaed witnesses had been released, and the state would have to subpoena them again. The court also felt the state was prejudiced because it would again need to prepare the case for trial. The memorandum also states that the court had contacted the complainant, who was strongly against withdrawal of the guilty plea.

Sentencing was rescheduled for September 7, 1987. Community Corrections then conducted the PSI. In his statement to Corrections, Kim denied committing the crime, claiming the act was consensual.

On the date of sentencing, Kim made another motion to withdraw his guilty plea. This motion was based on the fact that his PSI statement of the crime was inconsist-

ent with the guilty plea. It also requested the court reconsider its denial of Kim's earlier motion. The trial court, from the bench, denied this motion, stating that the matters raised by the motion were considered at the time the motion originally was before the court.

Kim then retained another attorney, who appealed to this court. During the pendency of the appeal, Kim filed a petition for postconviction relief, alleging his trial attorney provided erroneous legal advice regarding the collateral consequences of his plea. Kim's original attorney filed an affidavit regarding the advice he gave Kim during his representation; it contradicts a number of Kim's claims, but affirms Kim's contention that, other than on the day he pleaded guilty, he always denied committing any crime.

Kim's attorney also requested that this court stay its decision until the postconviction court ruled; this court dismissed the appeal, indicating the appeal was more properly taken from the postconviction proceeding.

The trial court denied the postconviction petition for relief. Kim appeals the denials of his three motions to vacate his guilty plea.

## ISSUE

Did the trial court abuse its discretion by refusing to allow Kim to withdraw his guilty plea prior to sentencing?

## ANALYSIS

■ In exercising its discretion[1] to determine whether it is "fair and just" to allow a defendant to withdraw a guilty plea prior to sentencing, the trial court is to give "due consideration to the reasons advanced by the defendant in support of his motion"; the court also is to consider "any prejudice

1. Kim asserts that he has an absolute right to withdraw his guilty plea prior to sentencing. He states that Minn.R.Crim.P. 15.05, subd. 2 does not apply prior to the time the trial court accepts the guilty plea. There is some case law which, in dicta, supports this proposition. *See* *State v. McElhaney,* 345 N.W.2d 800, 801 (Minn. Ct.App.1984) ("It is unclear whether [Rule 15.05, subd. 2] even applies to pleas that have not been

accepted by the trial judge."); *State v. Robinson,* 388 N.W.2d 43, 45 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. July 31, 1986) (citing *State v. Knight,* 292 Minn. 419, 423, 192 N.W.2d 829, 832 (1971)) (implying absolute right to withdraw guilty plea prior to its acceptance by trial court). However, we do not reach this issue, as we rule that the trial court abused its discretion in its failure to allow Kim to withdraw his guilty plea.

**490**

the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Minn. R.Crim.P. 15.05, subd. 2. Trial courts should generally be lenient in allowing withdrawal of a plea before sentencing. *State v. Williams*, 373 N.W.2d 851, 853 (Minn.Ct.App.1985). Courts look with particular favor on a motion to withdraw a guilty plea made within a short time after plea. *United States v. Roberts*, 570 F.2d 999, 1008 (D.C.Cir.1977).

In this case, the only prejudice the court found related to the mechanical preparation of the state's case for trial, and not to the state's ability to successfully prosecute Kim. There is neither an allegation nor any finding that the state's substantive case would be prejudiced in any way by allowing Kim to withdraw his guilty plea. *Cf. Finden v. Klaas*, 268 Minn. 268, 272, 128 N.W.2d 748, 751 (1964) (delay and added expense does not, of itself, constitute prejudice to litigant's case). Given the leniency with which the trial court is to approach a motion to withdraw a guilty plea before sentencing, the fact that the trial court was aware of this motion several weeks before the presentence investigation and sentencing, and the minimal prejudice the state has alleged would result if the court granted the plea, the trial court should have granted Kim's motion to withdraw his guilty plea.

## DECISION

The trial court abused its discretion in its failure to allow Kim to withdraw his guilty plea.

Reversed and remanded for trial.