**Marshall E. SALITERMAN,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C1–88–2633.**

Court of Appeals of Minnesota.

Aug. 8, 1989.

Review Denied Oct. 13, 1989.

George Roberts, Stephen M. Goldfarb, Goldfarb & Associates, P.A., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gregory Jon Hellings, Asst. Champlin City Atty., Anoka, Francis J. Rondoni, Asst. Crystal City Atty., Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., LANSING and SCHUMACHER, JJ.

## OPINION

NIERENGARTEN, Judge.

On October 24, 1988, the postconviction court denied Marshall Saliterman's motion to withdraw two misdemeanor guilty pleas. Saliterman appealed. We affirm.

## FACTS

On April 1, 1987, a protective order was issued against Saliterman forbidding any personal contact, communications, or third-party contact with Geraldine L. Anderson, resident of the city of Champlin, or her parents, residents of the city of Crystal.

While the protective order was still in effect, Anderson received unwanted telephone calls from Saliterman. Her parents also received unwanted telephone calls,

hang-up telephone calls, unwanted flowers, unwanted Minnegasco service calls, and unwanted pizzas.

The cities of Champlin and Crystal issued complaints against Saliterman charging violation of a protective order, Minn.Stat. § 518B.01, subd. 14(a) (1986), harassing telephone calls, Minn.Stat. § 609.79, subd. 1 (Supp.1987), and harassment (delivering unwanted packages), Minn.Stat. § 609.795(3) (Supp.1987). A plea bargain was reached between the cities' attorneys and Saliterman's trial attorney whereby, if Saliterman pled guilty to two charges of violating the protective order, the cities would dismiss the remaining three charges of harassment and harassing telephone calls.

Saliterman executed two petitions to enter a plea of guilty to a misdemeanor which were accepted by the trial court after a hearing. Two months later, Saliterman moved to withdraw his guilty pleas. This motion was denied. Saliterman now appeals, claiming erroneous failure to conduct an evidentiary hearing and "manifest injustice."

### ISSUES

1. Did the trial court err by failing to conduct an evidentiary hearing prior to deciding the motion to withdraw guilty pleas?

2. Was withdrawal of guilty pleas necessary to correct a manifest injustice?

### ANALYSIS

■ Saliterman contends that by failing to conduct an evidentiary hearing, the trial court was not able to make a fully informed decision on the motion to withdraw guilty pleas.

[A] plenary evidentiary hearing need not be afforded [for a postconviction motion to withdraw guilty pleas] unless the court deems it necessary to resolve a disputed fact issue arising from conflicting affidavits or based upon assertions outside the record.

*State v. Wolske,* 280 Minn. 465, 474–75, 160 N.W.2d 146, 153 (1968). The trial court reviewed the affidavits of Saliterman, his mother, and his two friends and found that an evidentiary hearing was not necessary. It was within the trial court's discretion to deny Saliterman an evidentiary hearing.

■ Minnesota Rules of Criminal Procedure provide:

The court shall allow a defendant to withdraw his plea of guilty upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice. Such a motion is not barred solely because it is made after sentence. If a defendant is allowed to withdraw his plea after sentence, the court shall set aside the judgment and the plea.

Minn.R.Crim.P. 15.05, subd. 1 (1988). Whether withdrawal is necessary to correct manifest injustice is left to judicial decision. Minn.R.Crim.P. Rule 15, Comment (1988). One who has entered a guilty plea does not have the absolute right to withdraw it. *State v. Knight,* 292 Minn. 419, 423, 192 N.W.2d 829, 832 (1971). The burden of proof is upon the petitioner in a postconviction proceeding to establish the facts by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (1988).

### A. *Ineffective Assistance of Counsel*

■ Saliterman alleges manifest injustice due to ineffective counsel. In order to obtain relief on the ground of inadequate representation, Saliterman must prove that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)).

The record contains testimony that Saliterman's counsel was prepared for trial, Saliterman was fully informed of the plea bargain and the constitutional rights he

would be waiving upon pleading guilty. His attorney obtained a dismissal of three of the five charges against Saliterman. The evidence supports a finding of effective representation.

### B. Involuntary Guilty Plea

 An involuntary guilty plea constitutes manifest injustice entitling defendant to withdraw his plea of guilty as a matter of right. *Hirt v. State,* 298 Minn. 553, 558, 214 N.W.2d 778, 782 (1974). To be valid, a guilty plea must appear on the record to have been voluntarily and intelligently made. *Doughman v. State,* 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984); *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983).

 The trial court must determine whether there is a factual basis for the plea. *State v. Vieburg,* 404 N.W.2d 312, 314 (Minn.Ct.App.1987); Minn.R.Crim.P. 15.02 (1988); Minn.R.Crim.P. 15.03, subd. 2 (1988). The trial transcript indicates that Saliterman pled guilty, without any hesitation, to both misdemeanor charges of violating a protective order. He admitted violating the protective order. Furthermore, when asked whether he understood his right to a jury trial and to be represented by counsel at that jury trial, and that by pleading guilty he was waiving these rights, Saliterman answered affirmatively. Moreover, he signed the petitions during the plea hearing and expressed understanding and knowledge of the contents of the petitions and the rights which he was thereby waiving.

### DECISION

It was within the trial court's discretion to deny Saliterman an evidentiary hearing. The record does not support Saliterman's allegation that he was deprived of the effective assistance of counsel. There is no showing that the representation by his trial attorney fell below an objective standard of reasonableness.

An examination of the petitions to plead guilty executed by Saliterman and the record of his plea hearing indicates there was a sufficient factual basis for Saliterman's pleas and that he voluntarily and intelligently waived his constitutional right to a jury trial.

Affirmed.