STATE of Minnesota, Respondent,

v.

Teresa FONCESA, Appellant.

No. C8–92–2505.

Court of Appeals of Minnesota.

Aug. 31, 1993.

Hubert H. Humphrey, III, Atty. Gen., Natalie E. Hudson, St. Paul City Atty., Patricia A. Rogin, Asst. City Atty., St. Paul, for respondent.

Lindsay R.M. Jones, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Teresa Foncesa moved to withdraw her plea of guilty to a charge of failing to restrain her dog from inflicting bodily injury. The motion was denied. We reverse and remand.

## FACTS

Foncesa owns a 136–pound Akita, a Japanese fighting dog. On March 24, 1992, while chained outside Foncesa's home, the dog bit a 17–year–old in the face, causing injuries which required approximately 100 stitches. On April 29, 1992, the dog bit a 28–year–old house guest of Foncesa's in the face. As a result of the March incident, Foncesa was charged with failing to restrain her dog from causing bodily injury, a violation of St. Paul, Minn. Legislative Code § 200.12(a) (1987). Violation of the code is a misdemeanor punishable by a fine not to exceed $700 or imprisonment of not more than 90 days, or both.

At a May 12, 1992 group arraignment, the district court advised those present that if they were charged with a misdemeanor, they would be entitled to a jury trial and a public defender, whereas if they were charged with a petty misdemeanor they would be entitled to a trial before a judge. The prosecutor told the court that Foncesa was charged with a misdemeanor, prompting the court to ask Foncesa, "Are you going to have an attorney to represent you in this matter?" When Foncesa asked if she could have some time to retain an attorney, the court answered, "Yes, you can have some time to get one." At the conclusion of the arraignment, the court added, "You should contact your attorney right away."

The district court held a hearing on December 7, 1992. At the beginning of the hearing, the court asked Foncesa:

> Under the circumstances do you intend to plead guilty or not guilty and if so with an explanation to the petty misdemeanor charge?

Foncesa answered, "Guilty." She then stated before sentencing that the 17–year–old had been hitting, choking, and teasing the dog before being attacked. She added that the 28–year–old was bitten after having been warned not to go near the dog. The court imposed a suspended sentence of $300 or 10 days and ordered the destruction of the dog.

On December 18, 1992, Foncesa filed her notice of appeal. On January 11, 1993, Foncesa filed a motion to withdraw her guilty plea, claiming she was not informed of her right to counsel. The motion to withdraw her plea was denied, and then the court reduced Foncesa's fine from $300 to $200.

This brought the penalty in line with the maximum allowed for a petty misdemeanor under Minn.Stat. § 609.02, subd. 4a (1990).

## ISSUES

1. Did the district court err by denying Foncesa's motion to withdraw her guilty plea?

2. Was Foncesa's guilty plea adequately supported by the record?

## ANALYSIS

1. Right to Counsel

■■ Whether to vacate a guilty plea is generally committed to the discretion of the district court. *State v. Knight,* 292 Minn. 419, 423, 192 N.W.2d 829, 832 (Minn.1971). The court should consider whether withdrawal of the plea is "necessary to correct manifest injustice." *Saliterman v. State,* 443 N.W.2d 841, 843 (Minn.App.1989), *pet. for rev. denied,* (Minn. Oct. 13, 1989).

■ The district court denied Foncesa's motion to withdraw her guilty plea on the grounds that "[t]he court file * * * indicates that the charge was certified as a petty misdemeanor." Certification of misdemeanors as petty misdemeanors is permitted under Minn.R.Crim.P. 23.04. It is also permitted under Minn.Stat. § 609.131 (1990). At least to the extent the two conflict, the statute overrides the rule. *State v. Batzer,* 448 N.W.2d 565, 567 (Minn.App.1989). In this case, the procedural requirements of neither the statute nor the rule were satisfied.

■ Minn.R.Crim.P. 23.04 requires the consent of the defendant to certification. Minn.Stat. § 609.131, subd. 2 also requires the defendant's consent if the charge is for violation of an ordinance that "conforms in substantial part to * * * Minn.Stat. § 609.-226." Minn.Stat. § 609.226 (1990) creates criminal liability for injuries caused by dogs and is substantially similar to the ordinance under which Foncesa was charged. There is no evidence that Foncesa consented to certification. Any attempt to certify Foncesa's charge as a petty misdemeanor was therefore ineffective, and she was entitled to have the charge treated as a misdemeanor.

■ Minn.R.Crim.P. 15.02 requires that prior to accepting a guilty plea, a court must ask a misdemeanor defendant whether the defendant "knows there is a right to the assistance of counsel * * * and that counsel will be appointed for a defendant unable to afford counsel." Minn.R.Crim.P. 15.03, subd. 1 allows this questioning to take place in a group setting, but requires the court to individually question the defendants about their understanding of these rights.

■ On appeal, we will closely scrutinize the record when an uncounseled defendant allegedly waived constitutional rights after receiving a group warning. *State v. Hanson,* 360 N.W.2d 460, 462 (Minn.App.1985). If denial of the right to counsel is established, an accused has the right to withdraw a guilty plea. *State v. Vieburg,* 404 N.W.2d 312, 314 (Minn.App.1987); *see also Moore v. Michigan,* 355 U.S. 155, 159–60, 78 S.Ct. 191, 193–94, 2 L.Ed.2d 167 (1957) (right to counsel at time guilty plea entered); *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962) (waiver of counsel may not be presumed from silent record); *Rose v. Clark,* 478 U.S. 570, 577–78, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986) (absence of counsel not amenable to harmless error analysis). The record shows that Foncesa was denied her right to counsel and may therefore withdraw her plea of guilty.

The only place Foncesa's right to counsel was discussed on the record was at a group arraignment. Courts must

be conscious of the potential for confusion when they issue en masse warnings to groups containing persons charged with non-criminal petty misdemeanors and those charged with criminal misdemeanors. Such warnings must be supplemented by individual questioning to insure that defendants understand which portions of the warnings apply to them.

*State v. Brown,* 346 N.W.2d 187, 189 (Minn. App.1984). In *State v. Motl,* 337 N.W.2d 664, 666 (Minn.1983), the Minnesota Supreme Court was confronted with the following individual questioning:

THE CLERK: Allen David Motl.

THE COURT: You're Allen David Motl?

THE DEFENDANT: Right.

THE COURT: Mr. Motl, you're charged with driving while under the influence and over ten percent ethel [sic] alcohol concentration on Highway 10 on January 9th, 1982. You're aware of your constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Any questions about them?

THE DEFENDANT: No.

THE COURT: What is your intention to do at the present time?

THE DEFENDANT: Plead guilty.

The court held that this was the "absolute bare minimum" amount of individual interrogation needed to support a knowing and intelligent waiver of Motl's right to counsel. *Id.*

Here, Foncesa was never asked if she understood that she had a right to an attorney. While her question about whether she would have time to get an attorney may have displayed an understanding of her rights, it may have alternatively displayed a lack of understanding that she was potentially eligible for appointed counsel. There is no indication that she made a "knowing and intelligent waiver of [the right to counsel] on the record." *Vieburg,* 404 N.W.2d at 314 (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Thus, she has the right to withdraw her guilty plea.

### 2. Support for the Guilty Plea

Foncesa claims that the court erred by accepting her plea without adequate factual support. *See Vieburg,* 404 N.W.2d at 314 (record must contain sufficient facts to support conclusion that defendant's conduct fell within charge to which guilty plea is entered). Because we reverse and remand on the grounds that Foncesa was denied her right to counsel, we need not address this claim.

### DECISION

Foncesa was denied her right to counsel when her consent was not obtained to certify the charge of failing to restrain an animal as a petty misdemeanor.

**Reversed and remanded.**